MATT FROELICH, Respondent, v. NORTHERN PACIFIC RAIL-WAY COMPANY, a Corporation, Appellant.

(167 N. W. 366.)

**Personal injuries — damages — suit to recover — default in making answer — through mistake or inadvertence — application for relief from such default — promptly made — granted on condition — payment of terms — amount excessive — abuse of discretion.**

1. Where the defendant, the Northern Pacific Railway Company, was sued for damages by the plaintiff for personal injuries and the defendant inadvertently failed to serve its answer within the thirty days' period, and the defendant, upon discovering its failure to answer, without delay applies to the court for relief against such default, and such relief is granted on the condition that defendant pay $250 to plaintiff's attorneys as terms or costs before the court would order the relief asked for by the defendant, it is *held* that the imposing of such terms by the court was abuse of discretion.

District court — special terms — may call — jury may be drawn for such terms — manner of drawing — same as for general term — litigant — ordered to pay costs of — to obtain relief from default — order void.

2. A district court may, when in its judgment it is deemed advisable or necessary, call a special term and may also order that a jury be drawn for such special term. Where the jury is ordered drawn for a special term, it must be drawn in like manner as at a general term, and the cost of the jury must be paid in like manner as at a general term. An order made that a litigant pay the costs of calling a jury at a special term as a condition precedent to the granting of relief to the litigant from his default is an absolutely void order.

Opinion filed February 9, 1918.  Rehearing denied April 5, 1918.

Appeal from the District Court of Morton County, *J. M. Hanley, J.* Reversed.

*Watson, Young, & Conmy,* for appellant.

An appearance in a pending cause for the purpose of participating in the taking of depositions to be used upon the trial thereof is to all intents and purposes a general appearance, and entitles the party so appearing to the statutory notice of any and all further proceedings in the cause, and an order issued without such notice, but wholly upon an *ex parte* application, is void. Comp. Laws 1913, § 7600, ¶ 2; Kelsey v. Covert, 6 Abb. Pr. 336, 15 How. Pr. 92; Saltus v. Kip, 12 How. Pr. 342; Rickards v. Swetze, 3 How. Pr. 413; Martinson v. Marzolf, 103 N. W. 939; Naderhoff v. Geo. Benz & Sons, 141 N. W. 501.

In an application for relief from a default in making timely answer, where the court grants such relief only upon condition that the party pay the costs of summoning a special jury to assess the damages for the plaintiff, such order is void for abuse of discretion. State v. Boucher, 8 N. D. 277.

The court did not exercise a sound discretion in making its order that appellant also pay to respondent's counsel the sum of $250 as terms for relief from appellant's default in making answer, and for such abuse of discretion the order is void. The award of such an amount is not just. Comp. Laws 1913, § 7804.

*Jacobsen & Murray,* for respondent.

This appeal is not from a part of the order of which complaint is made, but while receiving and adopting of the benefits of it, an appeal

is taken from the whole order, and should be dismissed. State ex rel. Heffron v. Bleth, 21 N. D. 27.

The notice of appeal and the undertaking are separate instruments, and defects in one cannot be cured by the other.

The form or substance of the notice of appeal is not controlled by the specifications of error. Comp. Laws 1913, §§ 7821–7824; State ex rel. Heffron v. Bleth, supra; 2 C. J. §§ 535, 552, 664, 679; McDowell v. McDowell, 27 N. D. 577; Silvius v. Brunsvold (S. D.) 142 N. W. 944; Wishek v. Hammond (N. D.) 84 N. W. 587; Clearview Park Improv. Co. v. Detroit & L. St. C. R. Co. (Mich.) 129 N. W. 353; Reiger v. Turley (Iowa,) 131 N. W. 866; Pithan v. Wangler (S. D.) 136 N. W. 1084; Walnut Irr. Dist. v. Burke (Cal.) 110 Pac. 517.

No notice of assessment of damages is required to be given. The application for such assessment and the assessment may be ex parte; but if a party has appeared, he is entitled to notice of application for judgment on the assessment. If he has not appeared, no notice at all is required. Comp. Laws 1913, § 7600, subd. 2.

In jurisdictions like ours, the assessment of damages precedes the application for judgment. 23 Cyc. 754–765.

There is no such thing in this state as an interlocutory judgment. Hibernia Savings & L. Soc. v. Matthai (Cal.) 48 Pac. 370.

Appearing before an officer and taking part in the taking or depositions of witnesses is not a voluntary appearance, and does not constitute an appearance in the action. Bentz v. Eubanks (Kan.) 4 Pac. 269.

The court has power to impose reasonable terms as a condition to granting relief from a default. 23 Cyc. 971.

GRACE, J. Appeal from the district court of Morton county, J. M. Hanley, Judge.

This is an appeal from an order of the court requiring the defendant and appellant to pay attorneys for the plaintiff the sum of $250 two days prior to January 18, 1917. The action is one brought by the plaintiff against the defendant to recover $20,000 for personal injuries alleged to have been received by the plaintiff while an employee of the defendant in its roundhouse at Mandan, North Dakota. The injuries are alleged to have occurred by reason of the negligence of the

defendant in keeping and maintaining a certain dangerous machinery, —a circular saw blade, called a sawing machine, which plaintiff was required to operate. The complaint fully sets forth the negligence of the defendant with reference to keeping and maintaining the aforesaid alleged dangerous machinery which the plaintiff was required to operate. The defendant's answer is a general denial, and as a further defense the answer alleges that it was the duty of plaintiff to operate the saw in the car shop, and alleges further that plaintiff at the time of the injury was using the same for his own personal benefit and contrary to orders. The defendant further by way of defense alleges contributory negligence on the part of the defendant.

The summons and complaint were personally served upon the defendant in Hettinger county, North Dakota, on the 18th day of September, 1916, by the sheriff of said county. At the same time the summons and complaint were served upon the agent of the defendant at Mott, North Dakota, there was also served upon the defendant by service upon its same agent, a notice to take depositions in the action on September 22, 1916. The defendant through oversight and inadvertence, which it fully explains by affidavits on its behalf, did not answer the complaint of the plaintiff within thirty days. The plaintiff applied to the court for an order of default and submitting damages to a jury. The order of default was made by the court on the 23d day of October, 1916. The order provided that the defendant having failed to give any notice of appearance and the plaintiff having made application to the court for a default judgment and for an assessment of damages, and having consented that the matter be submitted to a jury of not more than four persons qualified to act as jurors, and the plaintiff having guaranteed the costs of calling a special jury of four persons, the court ordered that a special term of the district court for the county of Morton be called for the 26th day of October, 1916, at 2 o'clock P. M., and directed the clerk of the district court of Morton county to draw and summon a sufficient number of persons, to wit, twelve, possessing the qualifications to appear at the court room at Mandan on October 26, 1916, at 2 o'clock P. M., to assess the damages of the plaintiff. The order also further showed that more than thirty days had expired since the service of the summons and complaint, and the defendant had wholly failed to serve an answer or demurrer to the complaint. The defendant

having received knowledge of the notice to take depositions, one of its attorneys, Mr. Conmy, left Fargo on the evening of the 21st and was in Mandan on the 22d day of September, 1916, and took part as attorney for the defendant in the taking of the depositions in the case as per the notice served upon the defendant, which was served personally on defendant's agent. The defendant, upon acquiring knowledge that plaintiff was seeking to have defendant declared in default and for assessment of damages, went to Mandan, and arrived there on the 25th day of October, 1916. Affidavits were prepared, reciting the facts with reference to the defendant's failure to answer, its inadvertence and oversight, and the causes therefor, and procured an order to show cause why an order should not be made extending the time for the defendant to answer. The order to show cause was issued and returnable on the 25th day of October, 1916. On January 10, 1917, the trial court made its order in such case, relieving the defendant from default and permitting it to answer, but as a condition for granting such relief the court required the defendant to pay to plaintiff the sum of $250. This order was served on defendant's counsel on the 11th day of January, 1917, and the order fixed January 16th as the time by which such money must be paid, or otherwise the defendant would not be relieved from its default. The defendant applied to the court to fix the amount of the supersedeas bond, which was done by the court, and an appeal from the order of the court was taken and perfected to this court.

The first assignment of error by the appellant in this case is: "That the court erred in making the order appealed from herein, requiring this defendant and appellant to pay to attorneys for the plaintiff the sum of $250 two days prior to January 18, 1917." Second: "The court abused its discretion in making its order herein requiring the defendant and appellant to pay to the attorneys for this plaintiff the sum of $250 two days prior to January 18, 1917, or be in default."

We are of the opinion that either of the errors assigned is sufficient to reverse the order of the court. The matters contained in the appeal will be considered first upon their merits. The respondent claims that the order of the lower court imposing terms should be sustained for three reasons: First, plaintiff had not made application to the court for judgment; it had only applied to the court for an adjudication that the defendant was in default and for the calling of the jury to

assess damages. Second, the defendant had not given notice of appearance in the action before the expiration of the time for answer. Third, the terms imposed were just and reasonable. The respondent claims as authority for his first reason subdivision 2 of § 7600, Comp. Laws 1913. We are of the opinion that the plaintiff has not brought himself within the provisions of subdivision 2 of § 7600, if it is shown that the defendant made an appearance in the action, before the expiration of the time for answering. The provision of such section so far as it has any bearing upon this case is as follows: "And when the action is for the recovery of money only or of specific real or personal property with damages for the withholding thereof, the court may order the damages to be assessed by jury, or, if the examination of a long account is involved, by a reference as above provided. If the defendant gives notice of appearance in the action before the expiration of the time for answering, he shall be entitled to eight days' notice of the time and place of application to the court for the relief demanded by the complaint."

This action is one to recover money. The question now to be determined is whether the defendant gave any notice of appearance in the action. The summons, complaint, and notice to take depositions were served on the defendant through its agent on September 18, 1916. The deposition was to be taken September 22d, and was taken September 22d before the justice of the peace. Mr. Conmy, attorney for the defendant, appeared at the taking of such deposition for the defendant. Conmy so stated to Murray, attorney for the plaintiff, on the 22d day of September, at the Nigey hotel in the city of Mandan, at which time Conmy had gone to Mandan to assist in the taking of depositions and representing the defendant in the taking of such depositions. The respondent claims that such appearance at the taking of the depositions did not constitute a general appearance in the case. The depositions were taken before a justice of the peace, but it must be remembered that the justice of the peace was not the court which had jurisdiction of the action. In this connection it may be well for us to examine § 7438, Comp. Laws, 1913, which is as follows: "From the time of the service of the summons in a civil action or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction *and to have control of all the subsequent proceedings.* A voluntary appearance of a defendant is equivalent to personal service of the summons

upon him." The taking of the deposition in the action was a proceeding subsequent to the service of the summons and complaint. The control of the proceeding of taking the deposition was, as a matter of law, in the district court in which such action had been commenced and was pending. The justice court had no control of the deposition as a matter of law. The justice court in this matter was merely an officer who was entitled to administer oaths and reduce the testimony of the witness to writing, have it properly sworn to and authenticated, and then have such depositions returned to the district court or the clerk thereof. A notary public could have just as well taken the deposition. The proceedings, therefore, of taking the deposition was a proceeding in the district court and under the authority of the district court for use in an action then pending in the district court, and the district court had control over such proceeding. The appearance of the defendant at the taking of such deposition was in reality an appearance in a proceeding in the district court or in a proceeding where the district court had control, and in an action in which the district court had original jurisdiction. The appearance of the defendant at the taking of such deposition and its taking part therein, the purpose of such deposition being for use in the trial of the action in the district court, was a general appearance, and entitled the defendant by reason of the appearance of the defendant by its attorney Conmy to a notice of all further proceedings in the case. The defendant having made a general appearance, it would have served no useful purpose for the defendant to have gone through the form of serving another notice or a written notice. The notice provided by subdivision 2 of § 7600 is not required to be in writing. The plaintiff in this case had full notice of the defendant's appearance before the time expired for answering, and the defendant was entitled to the statutory time of eight days' notice with reference to the application for the order of default and submitting the damages to a jury. Such eight-day notice not having been served upon the defendant, the district court was without authority to grant the order of default and submitting the damages to a jury, and its order in that respect is void. Our state Constitution provides: "The right of trial by jury shall be secured to all and remain inviolate; but a jury in civil cases in courts not of record may consist of less than twelve men, as may be prescribed by law."

The district court, in its order for default and submitting damages to a jury, provided, the consent of the plaintiff having been made to appear, that the matter be submitted to a jury not to exceed four persons qualified to act as jurors, and the plaintiff having guaranteed the cost of calling a special jury of four persons, the special term was ordered. The clerk of the district court did by order of the court draw and summon twelve persons possessing the qualifications of jurors who were directed to appear at the court room at Mandan, October 26, 1916, and assess the damages of the plaintiff. Whether the twelve were to participate in fixing the damages, or whether that number was ordered drawn, out of which four might be selected to determine the damages, we are not advised in this proceeding, but it does appear from the order that it was the intention of the plaintiff, and it was the order of the court, that four jurors should determine the damages in that case. In a court of record such as the district court, in the trial of a civil action, the finding or verdict of any jury which consisted of less than twelve qualified jurors, in other words, the constitutional jury, would be of no binding force or effect. The jury would at least have to consist of twelve members in order for its verdict to be of any binding effect, unless there was a binding stipulation between the parties to submit it to a less number. If the order which, as it appears, undertook to provide a determination of the damage by a jury composed of four men, it was a void order. There is no doubt, it is conceded, that the district court has the right and authority to call a special term of court whenever in its judgment it shall appear there is a necessity for so doing. If, however, a special term of court is called, the machinery for the conducting of such special term of court is no different than that required in the conduct of a general term of court. If in the discretion of the court it deems it advisable or necessary to call a jury to determine questions of fact to be tried at such special term, such jury would be called in the same manner as it would be called at a general term, and be recompensed for their jury duty in the same manner. We know of no law to the effect that one called upon to try his case at a special term of court called by the district court shall be required as a precedent condition to his right to have his case tried to the court and jury, to pay all or part of the expense for the calling of such jury. Such litigant should be required to pay no more than he is required to pay as

costs in the trial of the case at a general term. The charging up of the entire cost of a jury at a special term of the district court to a litigant who has a case to try therein, even though the litigant has to some extent been in default by reason of oversight and inadvertence, is abuse of discretion within the rule that courts may impose terms upon litigants as a condition precedent to granting them some relief from a default. Courts are public institutions instituted and maintained for the purpose and with the intention of being a place where each and every litigant shall have an equal right and privilege to submit his differences and troubles to the court composed of the judge and the jury, and receive an adjudication of the merits thereof. No case is ever tried until it is tried upon its merits. And it is one of the main duties of courts to see that cases are tried upon their merits. Every litigant that goes before the court may not come away fully satisfied with the result of the judgment and decision of the court and jury, but every litigant should come away fully convinced that a full and fair opportunity has been afforded such litigant to have the merits of his case fully considered, and full opportunity to be heard, and when such is the case, no litigant can well complain.

The order of the District Court appealed from is reversed, with costs.

CHRISTIANSON, J. (concurring specially). I believe that the trial court had the right to impose some terms as a condition for relieving defendant from its default in this case. The terms imposed, however, were excessive and unreasonable, and they ought to be reduced to a reasonable amount.

ROBINSON, J. (concurring). This is an appeal from the conditions of an order setting aside a default. The condition imposed was the payment of $250 as costs of the motion. It is a personal injury suit. It is brought to recover $20,000 as damages sustained by the plaintiff when a roundhouse employee of defendant. In this and in another similar case to recover $25,000, on September 18, 1916, at Mott, North Dakota, the summons and complaint was served on the defendant's agent, with a notice of the taking of a deposition on September 22, 1916. The depositions were duly taken before a justice of the peace.

J. C. Conmy appeared as attorney for defendant and stipulated concerning the manner of taking the depositions.

By inadvertence no answer was served within thirty days, and on October 20th, the day after the time for answering expired, plaintiff's attorney made an affidavit of default and on October 23d, the court made an order for the assessment of damages by a special jury on October 25th at 2 o'clock P. M. Accordingly a special jury was summoned at an expense which appears enormous and illegal; mileage $55.80; livery $70. One hundred and twenty-five dollars and eighty cents, in addition to a good salary, is the pay of one day for a man with a Ford automobile!

At the time set for the assessment of damages, defendant's counsel appeared with affidavits excusing the default, and in each case obtained an order extending the time to answer on condition of paying $250. A motion is made to dismiss the appeals on the ground that as defendant accepted the benefits of the orders he cannot appeal from the conditions, but the conditions are manifestly unreasonable and contrary to law. A party does not have to buy justice at such a price. The statute is that, upon a motion in an action or proceeding, costs may be awarded not exceeding $25. Twenty-five dollars is the limit and $10 is the common allowance. But in this case there was no good reason for the allowance of any costs. The default proceedings were grossly irregular, and were not in accordance with good faith and professional etiquette. The attorneys for the plaintiff well knew that the default in serving an answer was a mere inadvertence, and that in a damage suit for so large a sum no responsible party would purposely suffer a default judgment. They knew that Watson, Young, & Conmy were attorneys for the Northern Pacific Railway Company, and that in each of the actions Conmy had appeared as an attorney for the defendant, and had stipulated with them concerning the taking of a deposition, and that was a full and complete appearance in the case. When a party makes default in serving an answer to an amended complaint, he must be given ten days' notice of an application for judgment. § 7475. When a defendant gives notice of appearance, he is entitled to eight days' notice of an application to the court for the relief demanded in the complaint. Comp. Laws, § 7600.

The service of an answer, a notice to take depositions, or a stipula-

tion by an attorney for the taking of depositions, is a notice of appearance and it answers all purposes of a regular formal notice, but in the absence of any statute limiting the costs that may be imposed on a motion, and in the absence of any such appearance and stipulation for the taking of depositions, such a default proceeding should never be sustained. It bears no mark of good faith and fairness. Good faith consists in an honest intention to abstain from taking an unconscientious advantage of another, even through the forms and technicalities of the law. Comp. Laws, § 7286.

Counsel for the plaintiff knew well that Watson, Young, & Conmy were attorneys for the defendant, and that their failure to answer on time was a mere inadvertence. They knew that without any expense they could communicate with defendant's attorneys in a moment by going to or phoning the agent at Mott. They knew that any default taken under such circumstances could serve no honest purpose, and that it must be set aside. Hence, the award of costs was grossly wrong. It was not merely an abuse of discretion. It was in excess of jurisdiction. Hence, it is reversed and vacated.