## THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILWAY COMPANY v. JOHN S. CUNNINGHAM.*

### No. 292.

1. EXEMPTION OF WAGES — *Practice — General Appearance.* Where a defendant appears and asks the court to adjudicate the question whether, under the circumstances, his money is exempt, his appearance is general, calling for the judgment of the court upon matters other than those relating solely to jurisdictional questions. The court acquires jurisdiction of both his person and the subject-matter of the garnishment by reason of the entry of his appearance.

2. ——— *Comity between States—Duty of Courts.* As a matter of judicial duty, as well as a matter of comity between states, the Kansas courts recognize the right of exemption given by the laws of Missouri, and give effect to the exemption laws of that state.

---

* Reversed in supreme court, March 11, 1899. See 60th Kan. REP.

3. GARNISHMENT—*Order of Justice of the Peace, not Final.* An order of a justice of the peace, in a proceeding in garnishment, that the garnishee pay into court certain money, is not a final determination of the liability of the garnishee for the payment of the same to the plaintiff in the action.

Error from Wyandotte court of common pleas; T. P. ANDERSON, judge: Opinion filed January 27, 1898. Reversed.

*Wallace Pratt, I. P. Dana,* and *N. F. Heitman,* for plaintiff in error.

*George W. Littick,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was commenced by John S. Cunningham, in the court of common pleas of Wyandotte county, against the Kansas City, Fort Scott & Memphis Railway Company. The plaintiff alleged the corporate existence of the railway company, and averred that, on December 27, 1892, in an action pending before a justice of the peace of Wyandotte county, wherein John S. Cunningham was plaintiff and Arthur E. Keeley was defendant, the plaintiff recovered a judgment against the defendant for $41.63, and costs; that the justice had jurisdiction of the subject-matter and the parties; that the judgment was in full force and had not been modified or set aside; that in that action a garnishment had been issued and served on the Kansas City, Fort Scott & Memphis Railway Company; that the railway company had answered that it owed Keeley $110; that the defendant, Keeley, had entered his appearance in the case, and filed a motion to discharge the money, which motion had been overruled; that afterwards, on February 2, 1893, the justice of the peace made an order that the railway company pay a sum sufficient

Railway Co. v. Cunningham.

to cover the judgment and costs, and that the railway company refused to comply with the order. A copy of the judgment was attached to the petition. For a second cause of action, the plaintiff stated the same facts as to an action brought by Louis Katz, and alleged that the judgment had been assigned to the plaintiff.

The defendant, besides a general denial, answered that the judgment was rendered without the justice having had jurisdiction of either the person of Keeley or the debt sought to be impounded, and was void; that the debt due Keeley accrued for services performed under a contract of employment made in Missouri, and was payable in that state; that the *situs* of the debt was in that state, and it was not subject to garnishment or attachment in Kansas; that the debt was for services rendered during the thirty days immediately preceding the service of garnishment; that Keeley had been, for some years last past, a resident of Missouri, and was the head of a family dependent upon his labor for support; that, by the laws of Missouri, the wages were exempt; that the plaintiff was a resident of Illinois, and that the action was instituted in the state of Kansas for the sole purpose of evading the exemption laws of the state of Missouri, and to deprive Keeley and his family of the benefit of his exemption. For reply, the plaintiff filed a general denial. The parties waived a jury, and a trial before the court resulted in findings upon which judgment for $103, with interest and costs, was rendered against the defendant. A motion for a new trial was overruled, and upon exceptions taken the case is presented to this court for review.

Complaint is made that, in both the Katz and Cunningham cases, the notice of the garnishment in

justice's court was not served upon the railway company in the manner provided by statute. The agent of the railway company at Rosedale accepted service of the summons. This he may or may not have had express authority to do. The company, however, ratified the acts of its agent in accepting service by appearing and filing its answer without questioning the agent's authority. The answer filed in this case expressly admits that the company was summoned as garnishee, and that it answered in obedience thereto, and admits the indebtedness. The plaintiff in error thereby waived the irregularity, if any there was, in the service.

Complaint is made that the court of common pleas had no original jurisdiction of the present action, it being founded on non-compliance with an order of a justice of the peace. It is contended that an action for the violation of an order to pay money into a justice's court must be brought in such court; that the code confers upon the justice whose order has been violated exclusive original jurisdiction of an action for damages sustained thereby. There is no merit in this contention. The court of common pleas of Wyandotte county was created and established by chapter 92 of the Laws of 1891, which confers the same jurisdiction as that possessed by the district court, except in divorce cases. The district courts have jurisdiction to try and determine all actions for the recovery of money. Paragraph 4889, General Statutes of 1889 (Gen. Stat. 1897, ch. 103, § 73), was not intended to fix or limit the jurisdiction of the court, but to declare the effect of the garnishment proceedings before a justice of the peace. The statute enacted for the purpose of fixing the justice's jurisdiction does not undertake to give justices of the peace any special or exclusive juris-

diction in causes of action arising by virtue of garnishment proceedings had in such court. This was an action brought by the defendant in error for the recovery of money. The plaintiff's right to recover was based upon two judgments rendered by the justice of the peace in garnishment proceedings had before the justice. The court of common pleas had jurisdiction.

The next contention is that the court erred in overruling defendant's objection to the introduction of any evidence under the second count of plaintiff's petition. It is claimed that the cause of action set up in the second count cannot be enforced in the name of any other person than the plaintiff in the garnishee proceedings; that such a cause of action is not assignable; that, under paragraph 4889, General Statutes of 1889, the plaintiff must, if any action is taken, proceed in his own name against the debtor garnished; and that Katz had no right or authority to sell and assign his cause of action to Cunningham. At common law, no chose in action was assignable. In equity, every chose in action except a tort was assignable. Under our statute, every chose in action except a tort is assignable, the same as it was in equity. The claim of Katz against the railway company was a chose in action, and was therefore assignable. The statute ( ¶ 4889 ) says the plaintiff may proceed against the garnishee, in an action in his own name, as in other cases. This does not mean that he cannot assign it to another. That right is given by another statute, and by statute Katz's assignee must prosecute his action in his own name. Every action must be prosecuted in the name of the real party in interest. The section under consideration must be construed in the light of all other provisions of the statutes; and, when so construed, it simply means that such cause of action may be prosecuted in the

garnishee plaintiff's own name, instead of in the name
of the defendant to whom the garnishee originally
owed the debt.    The court committed no error in this
respect.

The plaintiff in error further contends, that the trial
court erred in holding that Keeley entered his appear-
ance in the Katz and Cunningham cases before the
justice of the peace.    The transcripts of the justice
show the appearance of the defendant in those cases.
It was admitted at the trial in the court of common
pleas that Keeley entered his appearance in both
cases in the justice's court for the purpose of claim-
ing his wages as exempt.    He filed affidavits claim-
ing the money due from the defendant below as
exempt ; he served a notice, by his attorney, of the
filing of such affidavits ; he appeared in person and
by counsel, and presented to the justice for adjudica-
tion the question whether, under the facts developed,
the money was exempt to him by virtue of the laws
of Missouri and of Kansas, and for that reason not
subject to garnishment.    He also entered into an
agreement with opposite counsel for a continuance of
the hearing to a subsequent date.    His appearance
was not a special appearance, for the purpose of set-
ting aside the service upon the garnishee or the serv-
ice upon himself because of any defect in the process
or proceedings ; but he came into the justice's court,
submitted himself to the jurisdiction of the justice,
and asked the justice to adjudicate the question
whether, under the circumstances, the money was
exempt from garnishment under the laws of Missouri
1. Appearance,    and Kansas.    Therefore his appearance
general, when.    was general, calling for the judgment of
the justice upon other matters than those relating
solely to a jurisdictional question.

The plaintiff in error contends that the *situs* of the

debts due from the railway company to Keeley, in both the Cunningham and Katz cases, was in Jackson county, Missouri; that they constitute property located beyond the boundary line of the state of Kansas; and that neither the justice of the peace nor the common pleas court acquired any jurisdiction to impound such debts. The evidence shows that the Kansas City, Fort Scott & Memphis Railway Company has its chief office in Kansas City, Mo., and that it does business in Kansas as well as Missouri; that John S. Cunningham and Louis Katz are residents of the state of Illinois; that Keeley is a resident of the state of Missouri, and the head of a family consisting of wife and children who live in that state; that the claims on which judgments were rendered in justice's court accrued under contracts and dealings had between Keeley and Cunningham, and Keeley and Katz, respectively, in the state of Illinois; that Keeley afterward removed to the state of Missouri and became a resident of that state; that the wages due him were earned by virtue of a contract of employment in the state of Missouri, were payable in that state, and were for services performed within the thirty days next preceding the commencement of the suits; that the wages and earnings were necessary for the maintenance of his family, who were supported by his labor, and that Cunningham and Katz, at the time they commenced their actions, knew that Keeley was a resident of the state of Missouri and the head of a family. The court undoubtedly acquired jurisdiction of both Keeley and the subject-matter of the garnishment by reason of the entry of his appearance.

This leaves for our determination two questions: (1) Will this court protect the defendant, Keeley, in his right of exemption under the statutes of Missouri?

(2) Was this right of exemption concluded by the refusal of the justice to release the fund as exempt, upon the motion of Keeley therefor? Or, in other words, was the judgment of the justice of the peace, based upon this motion, such a final determination of the right of the defendant, Keeley, as to preclude the plaintiff in error from urging the exemption as a defense in this action.

It appears from the record that the wages were exempt by the laws of Missouri, and that the exemption laws of that state are in substantial harmony with our own. The defendant in error, and Katz as assignor, when they brought their suits, had their option in which state, Kansas or Missouri, they would sue; and it is evident that they chose Kansas with the expectation of depriving Keeley of the benefit of the exemption tion laws of the state of his residence.

2. Missouri exemption enforced. It seems to us that it is a matter of judicial duty, as well as of comity between states, that we should recognize the right of exemption, and give effect to the exemption laws of the state of Missouri in Keeley's behalf.

We are convinced, upon the second proposition, that the judgment of the justice, in refusing to recognize this right of exemption, upon the motion of the

4. Order not res judicata. defendant, Keeley, is not res adjudicata. The proceeding provided for is a summary one, to be had upon motion and affidavit. There is no way by which either party could have a jury to try the questions of fact involved in such a hearing. It was doubtless the intention of the legislature that this proceeding should subserve a similar purpose to that providing for the trial of the right of property in justices' courts. To hold such an order a final adjudication, would be to deprive the defendant, Keeley,

Bank v. Miller.

of his right to a trial by jury. The supreme court holds that the order of a justice directing the garnishee to pay money into court is not a final and conclusive order. (*Board of Education v. Scoville*, 13 Kan. 17, cases cited, and notes.) It was not only the right, but the duty, of the plaintiff in error to protect its employee in the enjoyment of his right of exemption.

Our conclusion is, that the court of common pleas should have held that the fund in the hands of the plaintiff in error was exempt to the defendant in the principal cases; that this right of exemption had not been concluded by the orders of the justice, and that it constituted a good defense to the action of Cunningham for the fund in the hands of the plaintiff in error. The trial court, therefore, erred in its conclusions of law, and for that reason should have sustained the motion for a new trial.

The judgment of the court is reversed, with direction that the trial court sustain the motion for a new trial, and for further proceedings not inconsistent with the opinion herein expressed.