ROOF v. BLAKE.

GARNISHMENT—JOINT PARTIES—SEVERAL DEBT—SUBJECT OF GARNISHMENT.

An indebtedness due to one of two joint defendants in an action of assumpsit was subject to garnishment in favor of the plaintiff in proper proceedings, under section 10600, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13436).

Error to Kalamazoo; Stewart, J. Submitted April 16, 1915. (Docket No. 132.) Decided June 14, 1915.

Garnishment proceedings by Barney Roof against Horace A. Steuard and others as garnishees of William I. Blake. Marietta Blake was interpleaded as party claimant of the fund, and from a verdict directed in her favor plaintiff brings error. Reversed.

*Boudeman, Adams & Weston,* for appellant.

*A. S. Frost* (*W. J. Barnard,* of counsel), for appellee.

McALVAY, J. This was an action in assumpsit brought by plaintiff against the principal defendants, who were copartners in business as Blake Bros., in which a judgment was recovered against them and in favor of plaintiff for the sum of $452.16. At the time of the commencement of this suit, plaintiff sued out a writ of garnishment against Horace A Steuard, as garnishee defendant, to secure funds claimed to be in his hands belonging to William I. Blake, one of the principal defendants. Mr. Steuard made a disclosure in writing that at the time of the service of said writ he was indebted to said defendant William I. Blake in the sum of $281.66, and further that this money was claimed by one Marietta Blake, the wife of William I. Blake. Proper proceedings were taken whereby said Marietta Blake was interpleaded as one of the defendants. She caused her appearance to be entered, filed her plea and notice, and the case was brought on for trial. After the opening statement of plaintiff's counsel, upon motion of counsel for defendant, the court directed a verdict for the defendant Marietta Blake. This motion was based upon the opening statement of plaintiff's counsel, coupled with the admission that the judgment in the principal case was against Blake Bros. jointly, and that the moneys sought to be recovered by plaintiff in the garnishment proceedings were the property of William I. Blake, one of the principal defendants. Plaintiff excepted to the action of the court in directing a verdict in favor of defendant and has removed the case to this court by writ of error for review upon errors assigned to such exception.

But one question is involved in the case, namely: Can a plaintiff garnish moneys in the hands of a third person belonging to one of two joint defendants to satisfy his claim against both defendants?

It is the contention of the appellee, which was ac-

cepted by the trial court, that the above question must be answered in the negative.

The whole question is controlled by the statute. This statute regulating proceedings against garnishees in courts of record was amended by Act No. 128, Pub. Acts 1885, being section 10600, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13436), and reads as follows:

"SECTION 1. *The people of the State of Michigan enact,* that in all personal actions arising upon contracts, express or implied, brought in the several circuit courts or municipal courts of civil jurisdiction, whether commenced by declaration, writs of capias, summons or attachment, and in all other cases where there remains any sum unpaid upon any judgment or decree rendered in any of the several courts hereinbefore mentioned or upon any transcript of a judgment filed in said courts, if the plaintiff, his agent or attorney, shall file with the clerk of said circuit court at the time of, or after the commencement of suit, or at any time after rendition of judgment or decree or the filing of a transcript of judgment, an affidavit stating that he has good reason to believe, * * * that any person (naming him) [has] his property, money, goods, chattels, credits or effects in his hands or under his custody or control, belonging to the defendant or any or either of the defendants, or that such person is indebted to the defendants, or any or either of the defendants, whether such indebtedness is due or not, * * * a writ of garnishment shall be issued, sealed and tested in the same manner as writs of summons," etc.

The case of *Meigs* v. *Weller,* 90 Mich. 629 (51 N. W. 681), decided March 18, 1892, which was appealed to this court by the garnishee defendant, is the only case in which this statute as amended has been construed. Two opinions were filed in the case; but, as far as the question here involved is concerned, they were in accord. In the dissenting opinion Mr. Justice GRANT, at page 638 of 90 Mich. (at page 683 of 51 N. W.), said:

"The principal judgment in this case was against two partners, and it is insisted on behalf of the defendant that the garnishee proceedings will not lie against a debtor of one of such joint principal defendants. Such was the law previous to the act of 1885. *Ford* v. *Dry Dock Co.*, 50 Mich. 358; *Farwell* v. *Chambers*, 62 Mich. 316. But the act of 1885, though it amended only the first section of the garnishee law, expressly confers the right to this proceeding. The legislature clearly understood that the subsequent provisions of the statute were ample in providing the method of procedure. We see no difficulty in holding them applicable."

In the majority opinion written by Chief Justice MORSE, but a brief reference is made to the question, at page 635 of 90 Mich. (at page 683 of 51 N. W.). We quote as follows (the words in parentheses are ours):

"At the time this suit was commenced it is evident that Weller (garnishee defendant) had property and effects in his hands and under his control that belonged to Mernan (one of the principal defendants). I can see no reason why the writ of garnishment would not lie."

An examination of the original record and briefs in *Meigs* v. *Weller, supra,* shows that the identical question involved in the instant case was presented and discussed at length in the briefs of both parties before this court. It determines that a plaintiff may garnishee moneys, etc., in the hands of a third person belonging to one of two joint defendants to satisfy his claim against such defendants.

The cases cited and relied upon by appellant are the cases which, in *Meigs* v. *Weller, supra,* Mr. Justice GRANT in his opinion says were authority upon the question previous to the passage of the act of 1885.

Another case relied upon by appellant, *Nachtegall* v. *Reilley,* 165 Mich. 347 (130 N. W. 699), is readily distinguishable from the instant case. Nachtegall, as

plaintiff, brought suit against James E. Reilley, principal defendant, and Gaius W. Perkins, garnishee defendant. The garnishee defendant held the fund under a certain contract. In that case Mr. Justice BROOKE, speaking for the court, said:

"We are unable to say from an examination of the contract that James E. Reilley is the sole owner of the $1,000, but it is equally plain that the contract does not show affirmatively that either E. H. Reilley or E. R. Preston own the fund. Both claim to own it, and they have been interpleaded in order that their rights to the fund, if they have any, may be determined."

And further the court said:

"If, at the time of the service of the writ of garnishment by the plaintiff, this fund was in fact the sole property of James E. Reilley, it was clearly subject to the process. If, upon the other hand, either E. H. Reilley or E. R. Preston was the owner thereof, or of a joint interest therein, at that time, the garnishment proceedings must fail."

From the above excerpts it is clear that the question presented in the instant case was not involved.

The trial court was in error in directing a verdict against the plaintiff.

The judgment is therefore reversed and set aside, and a new trial is ordered.

BROOKE, C. J., and STONE, KUHN, BIRD, MOORE, and STEERE, JJ., concurred. OSTRANDER, J., did not sit.