## PENNHOMA OIL CO. v. JENS MARIE OIL CO.

No. 13075—Opinion Filed April 1, 1924.

**1. Garnishment—Service of Summons on Defendant—Necessity.**

Section 355, Comp. Stat. 1921, provides that: "Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days," and the court is without jurisdiction to render judgment against the garnishee, where the summons is not served upon the defendant or his attorney of record.

**2. Same—Lack of Service — Invalidity of Judgment.**

A judgment rendered against a garnishee without service of summons upon the defendant or his attorney of record is void and may be set aside or vacated upon the application of the garnishee at any time.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kay County; J. W. Bird, Judge.

Action brought by Jens Marie Oil Company, a corporation, against H. E. Braymer, W. E. Rogers, M. E. Neff, Security National Bank of Arkansas City, Kan., and T. E. Revels, C. E. Pingrey, and C. D. Hollingsworth, and the Pennhoma Oil Company, a corporation, as garnishee. Judgment for plaintiff, and the garnishee brings error. Reversed and remanded, with directions.

Philip Kates, for plaintiff in error.

L. A. Maris, for defendant in error.

Opinion by DICKSON, C. On the 10th day of June, 1921, the defendant in error commenced its action in the district court of Kay county, against H. E. Braymer et al., defendants, upon a promissory note and to foreclose a mortgage to secure payment thereof. The note and mortgage were executed by said H. E. Braymer and the other defendants were joined for the reason, as stated in the petition, that they claimed some interest in the mortgaged property.

On the 10th day of February, 1921, the defendant H. E. Braymer entered a general appearance in the action. The other defendants were not served with process.

On the 11th day of June, 1921, the defendant in error filed an affidavit in garnishment naming the plaintiff in error as garnishee, and on the same day a summons in garnishment was issued directed to the sheriff of Tulsa county, and it appears that the same was served upon the plaintiff in error, Pennhoma Oil Company, on the 13th day of June, 1921, but no service was had upon the defendant H. E. Braymer.

On the 6th day of September, 1921, judgment was entered in favor of the defendant in error against said defendant H. E. Braymer for the sum of $10,351.24, and costs, including an attorney's fee of ten per cent. This judgment was rendered by default, and appears to be a general judgment for the balance due on the promissory note sued upon.

It appears from the record that on the 30th day of June, 1921, the plaintiff in error as such garnishee filed its answer in which it admitted that on said date it was indebted to the defendant Braymer in the sum of $5,125.51.

On the 29th day of October, 1921, judgment was entered against said garnishee, plaintiff in error, for said sum of $5,125.51.

On the 12th day of November, 1921, the plaintiff in error filed its verified petition in said cause praying that said judgment so entered against it as such garnishee be vacated for the reason, among others, that no garnishment summons was ever served upon the principal defendant, H. E. Braymer. This petition was overruled and denied, to which the plaintiff in error at the time excepted, and has perfected its appeal to this court.

The plaintiff in error contended in the trial court, and contends here, that the judgment entered against it as garnishee without service of the garnishee summons upon the principal defendant, H. E. Braymer, was and is void.

Section 355, Comp. Stat. 1921, provides, in substance, that upon filing of the affidavit in garnishment, summons shall be issued by the clerk and served upon the defendant and each of the garnishees as provided by law for the service of summons. Said section further provides the form of the garnishee summons.

There was no service had upon the prin-

cipal defendant, H. E. Braymer, and he did not appear in the garnishment proceedings. The provisions of said section 355 are mandatory. The precise question submitted here was passed on in State National Bank v. Lowenstein et al., 52 Okla. 259, 155 Pac. 1127, and it was there held that the failure to serve the garnishee summons upon the principal defendant was fatal to the jurisdiction of the court. The summons served upon the garnishee and its answer was not sufficient to give the court jurisdiction to render a judgment against the garnishee and subject the funds in its hands to the payment of the debt of the principal defendant. This fund could not be disposed of by the court until the principal defendant had his day in court.

"To show if he could, and so desired, that the property or funds in the hands of the garnishee was exempt, or for some other reason was not subject to execution, or to make any other defense or claim he might have." Powell et al. v. First State Bank of Clinton, 56 Okla. 44, 155 Pac. 500.

State National Bank of Shawnee v. Wood & Co., 88 Okla. 292, 212 Pac. 1002; The Phoenix Bridge Co. v. Street, 9 Okla. 422, 60 Pac. 221.

It is contended by the defendant in error that the plaintiff in error having admitted the indebtedness, is not in a position to question the judgment, but this contention cannot be sustained. The judgment against the garnishee being void, payment thereof would be no defense against the principal defendant. Ludvickson et al. v. Severy State Bank et al. (Kan.) 182 Pac. 396; 12 R. C. L. 865.

We therefore recommend that the judgment appealed from be reversed and remanded to the district court of Kay county, with directions to vacate the judgment entered against plaintiff in error as such garnishee.

By the Court: It is so ordered.