## PENNHOMA OIL CO. v. JENS-MARIE OIL CO.

No. 15958—Opinion Filed Nov. 17, 1925.

Rehearing Denied Jan. 25, 1927.

**1. Garnishment — Procedure — Compliance with Statutes.**

Garnishment proceedings must be prosecuted in a manner substantially conforming to the statutory provisions conferring the right and providing for the procedure.

**2. Same—Failure to Serve Summons on Creditor not Cured by Belated Waiver and Appearance.**

Where a party to an action files a garnishment affidavit and causes garnishee summons to be issued against the garnishee therein named and the creditor, and such summons is served upon the garnishee as directed, but no service of the summons is made upon the creditor, and no waiver of service or entry of appearance is made by him until the time has elapsed in which the garnishee is required to appear, the waiver of service and entry of appearance by such creditor confers no jurisdiction upon the court over the garnishee in connection with funds or property in its hands belonging to the creditor.

**3. Same—Judgment not Sustained.**

Record examined, and held, to require a reversal of the judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kay County; Claude Duval, Judge.

Action in garnishment proceedings by Jens-Marie Oil Company against Pennhoma Oil Company, garnishee. From the final order and judgment, Pennhoma Oil Company prosecutes appeal. Reversed and remanded, with directions.

Philip Kates, for plaintiff in error.

L. A. Maris, for defendant in error.

Opinion by SHACKELFORD, C. This appeal presents error of the district court of Kay county in a garnishment proceeding. The Jens-Marie Oil Company brought action against H. E. Braymer for judgment for debt, and in the course of the proceedings commenced garnishment action against Pennhoma Oil Company. In this opinion, the Jens-Marie Oil Company will be referred to as plaintiff, H. E. Braymer as defendant, and Pennhoma Oil Company as garnishee, as they appeared in the trial court.

The plaintiff commenced action January 10, 1921, against the defendant and some other parties, seeking to recover against H. E. Braymer a judgment for debt. On the 11th of June, 1921, the plaintiff filed a garnishment affidavit naming the Pennhoma Oil Company as garnishee, and had a garnishment summons issued and served upon such garnishee. The summons was issued on the 11th of June, 1921, and the sheriff was directed to serve it upon the defendant or his attorney, and upon the garnishee. The service was had upon the agent of the garnishee on the 16th of June, 1921, and no service was had on the defendant H. E. Braymer, or his attorney, and the summons was returned and filed in the district court on June 20, 1921. On the 30th day of June, 1921, the garnishee filed its answer, disclosing that it was indebted to defendant in the sum of $5,125.51 up to June 1, 1921, for services rendered and due to be paid in 60 days from completion of all the work. On the 6th of September, 1921, the plaintiff recovered a judgment against defendant in the sum of $10,351.24; and on the 29th of October, 1921, judgment was rendered in plaintiff's favor against the garnishee in the sum of $5,125.51, the amount of indebtedness to defendant as disclosed by the answer of the garnishee. On the 12th of November, 1921, the garnishee filed its petition seeking to vacate the judgment rendered against it, for the reason that the garnishment summons had not been served upon the defendant, Braymer, as required by law, and as directed by the summons.

Upon a hearing the court denied the petition of the garnishee. The garnishee prosecuted appeal to the Supreme Court, and on appeal the cause was reversed with directions to the district court to vacate the judgment entered against the garnishee, in effect holding that the judgment was void for the reason that no service of the garnishment summons was had upon H. E. Braymer, the defendant in the original action, as required by the statute. The cause on appeal is styled Pennhoma Oil Company v. Jens-Marie Oil Company, and is reported in 98 Okla. 211, 224 Pac. 720. Mandate was issued to the district court of Kay county, and spread of record; and on the 14th day of May, 1924, an order and judgment of the district court of Kay county was made vacating the judgment against the garnishee as directed in the opinion.

On the 2nd day of May, 1924, there was filed in the district court of Kay county a purported waiver of service of the garnishment summons issued on June 11, 1921, and entry of appearance, and stipulation that the court may make an order directing the garnishee to pay into court the amount which

its answer disclosed to be due and owing to the defendant, H. E. Braymer, signed "H. E. Braymer, defendant." On May 3, 1924, the plaintiff filed its motion to require the garnishee to pay into court the sum of $5,125.51 disclosed by its answer filed June 30, 1921, to be owing to the defendant. The garnishee entered what it denominates a special appearance and moved to strike the motion from the files for the reasons: (1) That the court had no jurisdiction; (2) that the answer of the garnishee that it owed defendant $5,125.51 was so made by mistake and inadvertence, and that in fact the garnishee, at the time of filing the answer, was not indebted in the sum of $5,125.51, but in truth and in fact owed defendant only the sum of $1,509.69, and attached a statement of the account showing that said last-named sum was the correct balance owing to defendant; (3) that a former judgment for the amount of $5,125.51 was reversed and ordered vacated by the court; (4) that a new affidavit in garnishment was required and new service had before the court could acquire jurisdiction, and the garnishee be required to answer anew showing the actual amount of the debt. Upon this statement the garnishee moved that the plaintiff's motion be stricken. It further moved the court for permission to withdraw its answer because not filed by an authorized agent and the amount stated was not the true amount of the garnishee's indebtedness to the defendant, H. E. Braymer. It further moved the court to strike from the files the waiver of service and entry of appearance and stipulation signed by H. E. Braymer, in which he agreed that the court might order the garnishee to pay $5,125.51 into court, for the reason that such instrument signed by defendant could have no greater effect than service of the garnishment summons issued June 11, 1921, upon the defendant could have; and such service of the dead writ could not confer jurisdiction upon the court. This motion was verified and filed June 5, 1924. Another motion was filed in the case on the same day calling the attention of the court to the fact that defendant, Braymer, had been adjudged a bankrupt by the federal court, and any monies held by it would be subject to the orders of the federal court in the bankruptcy proceeding.

The motion of the plaintiff to require the garnishee to pay the sum of $5,125.51 into court was sustained; and the motions of the garnishee were overruled by the court, both over the objections and exceptions of the garnishee. The court made an order requiring the garnishee to pay $5,125.51 into court within ten days, to which the garnishee excepted and gave notice of appeal. The garnishee then moved the court to set aside and vacate the order directing the garnishee to pay the money into court. The motion was overruled and exceptions allowed, and the money not having been paid into court, a judgment was entered in favor of the plaintiff and against the garnishee for the sum of $5,125.51. The garnishee excepted to the judgment, moved the court to vacate it, which motion was overruled and exceptions allowed, notice of appeal was given and in due course the garnishee prosecuted appeal, and the record was filed here for review.

The plaintiff filed its affidavit in garnishment against the garnishee named, and garnishment summons was issued and was directed to be served upon the garnishee named and the defendant. No service was had upon the defendant, but the garnishee appeared. To give the court jurisdiction to enter an order requiring the garnishee to pay money into court, or any judgment in favor of the plaintiff and against the garnishee, service upon both defendant and the garnishee was necessary. Service upon the garnishee alone was not sufficient. This has been held in State National Bank v. Lowenstein, 52 Okla. 259, 155 Pac. 1127; Pennhoma Oil Co. v. Jens-Marie Oil Co., 98 Okla. 211, 224 Pac. 720 (the instant case on the former appeal); and Yakima Valley Bank v. Wood & Co., 110 Okla. 15, 235 Pac. 1093. The question then seems to arise here for answer as follows: Where the garnishment summons has been issued as the statute provides and served upon the garnishee alone, and returned, and answer filed by the garnishee, can the defendant afterwards make a voluntary appearance and by such means confer jurisdiction upon the court to make orders against the garnishee upon its answer filed, when the court had no jurisdiction in the garnishment proceedings?

It seems clear that the garnishee might have ignored the garnishment summons, the service of it, and the plaintiff's affidavit in garnishment. The garnishee could never be held to be in default until both garnishee and defendant were before the court. The garnishee's appearance and answer, without the service upon or appearance by the defendant, did not give the court jurisdiction, nor did it confer any rights upon the plaintiff in funds or property in the hands of the garnishee nor take away from the garnishee the right to answer after both parties were before the court by service of a garnishment summons or voluntary appearance. It seems plain that the answer filed

by the garnishee before service of summons upon the defendant, or voluntary appearance by him, was no more than a mere voluntary statement and was not binding upon it unless it chose to be bound thereby after the appearance of the defendant. Upon the garnishment branch of the case, there was nothing before the court except the garnishment affidavit, until both the garnishee and the defendant were in court. The statute prescribes the means of getting parties before the court. Section 355, Comp. Stats. 1921, directs the character of process to be issued and that it shall be served in the manner prescribed for the service of summons, and provides that the process shall be returned with proof of service in five days; whether five days from the date of issue or date of receipt by the serving officer, or five days from the date of service, is not clear. Section 239, Comp. Stats. 1921, provides the manner in which service shall be had. The statute provides the means by which the court can acquire jurisdiction to make orders or render judgments concerning the funds or property of the defendant in possession of the garnishee. That means is by service of the garnishment summons upon the garnishee and the defendant. In State Nat. Bank of Shawnee v. Wood & Co., 88 Okla. 292, 212 Pac. 1002, this court quoted approvingly from Rood on Garnishment. sec. 108, "Definitions and Essentials," p. 283, the following:

"In garnishment proceedings, all the statutory prerequisites to commencement of suit are jurisdictional, and must be strictly complied with. Every direction of the statute before jurisdiction acquired must be followed, every requirement performed, and for every step taken, up to this time, at least, authority must be found in the statute under which the proceedings are conducted, or the whole matter will be coram non judice, and void. The proceeding is ancillary to the principal suit, and purely statutory and special, and there is no authority for any action, or prohibition of action, except what is found in the statute."

In that case the court held that:

"* * * It was imperative that the summons be served on the defendant. The question is not the jurisdiction of the court over the person of the garnishee, but rather jurisdiction over the garnishee in connection with the property or effects sought to be garnished."

We conclude from a study of the case cited and other authorities therein cited, that this court is committed to a strict construction of the garnishment statutes. However, we do not understand the cases to hold that under no circumstances could the prin-

123-6

cipal defendant enter his appearance. It seems that under all circumstances both the defendant and the garnishee must be before the court to confer jurisdiction. After the service of the garnishment summons on both, or such an appearance by both as shall be treated by both as equivalent to service of the garnishment summons, then sections 358-360 prescribe the procedure. Under the first of these sections, if the facts warrant, the garnishee shall, in 20 days, file a denial of indebtedness to defendant. The next section makes the facts stated in the answer conclusive unless called in question as therein provided. The third section of this group provides that if the answer is not made as provided in section 358, the garnishee shall, within 20 days after service, proceed as prescribed in the subdivisions of the section. These sections presuppose that both garnishee and defendant are before the court in some manner which both treat as equivalent to service of the garnishment summons. If both are not so before the court, the garnishee alone is not required to appear, and any appearance by such garnishee alone is binding upon neither, and confers no jurisdiction upon the court, under the cases cited. It follows that when the time for the garnishee to answer has elapsed, and no service of the garnishment has been made upon the defendant, and no such an appearance has been made by him as both he and the garnishee shall treat as equivalent to service, the garnishment proceeding so commenced has failed and it abates. When the writ has been placed in the hands of the serving officer, served upon the garnishee alone, and returned, and the time has expired for the garnishee to answer, service of the writ, or entry of appearance by the defendant, would not bind the garnishee unless it then appears and submits to the court's jurisdiction. Any other rule would be entirely outside the statutory provisions and the announcements made by the court in the cases cited. In this case it seems that defendant Braymer made voluntary appearance some three years after the time had elapsed for the garnishee to answer. The garnishment proceeding had long since abated. The garnishment summons had long since been a dead writ. Certainly no person could insist that the garnishment summons could have been legally withdrawn from the files and served upon defendant with binding force and effect against the garnishee. Neither can it be reasonably insisted that the defendant could waive service of the summons, enter his appearance, and make a stipulation with binding force and

effect upon the garnishee unless the garnishee had consented to be bound thereby. It seems that since these were jurisdictional matters, the garnishee might well have ignored the whole proceeding; but such matter is not before us for decision. The garnishee appeared and in no uncertain manner objected to the court's jurisdiction to make any order concerning money or property in its hands belonging to the defendant Braymer, and objected to the orders and judgments of the court with reference to the money sought to be subjected to the payment of defendant's debt. The motion of the plaintiff to require the garnishee to pay the $5,125.51 into court, was improperly and erroneously sustained. The court had no jurisdiction over the garnishee at the time said motion was filed, nor at the time it was sustained; and the garnishee was present objecting to the court's jurisdiction, and advising the court, under oath, that its voluntary disclosure was erroneous, and had not stated the true amount of indebtedness owing by the garnishee to defendant Braymer, attaching an itemized statement of the account showing the true amount of the indebtedness to be $1,509.69 instead of $5,-125.51, and moved the court for leave to withdraw its original disclosure. The objection made by the garnishee to the court's jurisdiction over it, and the funds in its hands, should have been sustained and leave granted to withdraw the original disclosure, and also order and judgment should have been entered abating the garnishment proceedings as originally commenced. It seems that even though both defendant and garnishee had been before the court by statutory service of process, or by entry of appearance equivalent to service, and judgment had been entered in favor of the plaintiff an against the garnishee upon its original disclosure, the facts set out and averments made by the garnishee that the true amount was not disclosed by the original answer, and that the actual amount was $1,509.59 instead of $5,125.51, with an itemized statement, all under oath, if timely in presentation, would require the court to give the garnishee a hearing upon the matter, and if it was shown that the judgment was not for the actual amount owing by the garnishee, the judgment for the wrong amount should be set aside and judgment entered for the correct amount as disclosed by the evidence.

We know of no rule, either statutory or established by court decisions, which would, under the circumstances presented in this case, bind the garnishee over its objection and its sworn statement that the true amount had not been stated, by its disclosure made at a time when it was not required to answer and the court had not acquired jurisdiction over the garnishee in connection with funds in its hands belonging to the defendant Braymer. Such a rule would do harsh indeed. It is the duty of the courts to mete out even-handed justice among all the parties to the action. It was certainly no less a duty of the court to determine the correct amount owing by the garnishee to defendant Braymer, as between the plaintiff and the garnishee, than to determine the correct amount as between Braymer and the garnishee if they had been plaintiff and defendant in an action for the debt.

We are unable to find any parallel in the books to the case under consideration. The views herein expressed are in keeping with all the cases examined and the statements of the text-writers. There are no decisions or texts to the contrary.

Plaintiff cites and quotes from Smith v. Sutton, 67 Okla. 191, 169 Pac. 886, the following rule in support of its contention that the judgment should be affirmed:

"Where the rights of the plaintiff to recover upon the undisputed facts, is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, the judgment will be affirmed."

We are unable to see how such a rule should be applied here. That rule was announced in a case where there were no disputed facts. The rule is limited to cases where the plaintiff is entitled "to recover upon the undisputed facts." In this case there is a most serious dispute about the facts. This dispute involves the difference between $5,125.51 and $1,509.69.

The judgment of the trial court is reversed, and the cause remanded to the district court of Kay county, with directions to vacate the judgment entered in favor of the plaintiff and against the garnishee, and to enter an order abating the garnishment proceedings as originally instituted.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 271, §379. (2) 28 C. J. pp. 237, 238, §326. (3) 28 C. J. p. 357, §566.