## WILLIAMS v. STATE ex rel. MIFFLIN.

No. 19729. Opinion Filed Sept. 29, 1931.

A. J. Follens and George H. Montgomery, for plaintiff in error.

L. E. Mifflin, for defendant in error.

KORNEGAY, J. This case comes here by petition in error and case-made. The assignments of error, embraced in the petition in error, are that the court erred in refusing to vacate the judgment that was rendered in the case on the 10th of September, 1926, and the court erred in overruling motion for a new trial, and the prayer for reversal is for restoration to all rights that were had before the order was made. It appears from the case-made that the case originated on the 25th of November, 1925, by the filing in the office of the court clerk of McCurtain county a petition which declares on an appearance or supersedeas bond. The bond was in the sum of $9,000, and it was conditioned that the principal should appear and submit to and perform any judgment rendered by the Criminal Court of Appeals, or district court, in the further progress of the case. The defendant Williams signed it, and qualified as being worth $18,000.

On the filing of this petition, summons was issued, pursuant to praecipe, to the sheriff of Harper county, commanding him to notify the defendant of his having been sued. The sheriff returned that he served it by delivering a copy to Elsie Williams, a member of the defendant's family, over 15 years of age, in Harper county, on the 2nd of December, 1925. It appears that the return was made, and that on the 10th of September, 1926, a regular day of the September term, the special county attorney, L. E. Mifflin, appeared, and the defendant Williams did not appear, and no pleadings were filed for him. The court found, however, that he was legally summoned. The judgment recites the essential facts about giving the bond, and the affirmance of the case, and the liability of the defendant on the bond, and orders the recovery of $9,000. George T. Arnett was the trial judge.

There appears at page 18 a motion to vacate this judgment, of J. W. Williams, verified by him on the 28th of February, 1928, and filed in the court below on the 29th of February, 1928. Exhibits are made to this motion of the judgment entered on the 10th of September, 1926, and the summons and service is set out, showing service on the defendant by leaving with his wife a copy, summons being returnable the 15th of December, 1925, and being served on the 27th of November, 1925. Notice of this application to vacate judgment was acknowledged by L. E. Mifflin, as attorney for the plaintiff, on the 29th of February, 1928. Response was filed to this on the 16th of March, 1928. The response claims that there was no defect in the service, and further claims that the defendant had entered a general appearance in the matter by virtue of filing in the court on the 10th of December, 1927, in the case, a motion to set aside the order requiring the garnishee to pay money into court, and also an application to dissolve the garnishment.

It is further stated that there were some stipulations filed in the case concerning the taking of depositions, and that the defendant appeared on the 23rd of December, 1927, at the trial of the matter, in person and by attorney, and took part in the trial, and this was a voluntary appearance. Copies of records showing proceedings are attached. It is further stated that no special appearance was made raising a jurisdictional question, and the questions raised were nonjurisdictional.

It is further averred that, after the issuance and service of the summons, the defendant knew of the pendency of the case, and secured an agreement before time to answer was due, from the attorney of the plaintiff, for a continuance for the purpose of giving him, in co-operation with the State Bureau of Identification, an opportunity to bring Helm, his principal, into court, and that the agreement was carried out, and that pursuant to the agreement the plaintiff waited several months after answer was due before judgment was taken.

On the 16th of March, 1928, being a day of the regular term of September, 1927, the matter involved in the application came on for hearing, and the defendant Williams appeared in person and by attorney, Mr. Montgomery. It is very evident from the evidence introduced on the hearing that the parties were not living together at the time that the service was had by giving the wife a copy, and her residence was in Harper county, and his residence was in Oklahoma City. They were not divorced, but had been living separately apart for some time. It is clear from the testimony that the place at which the summons was left, if left at all with Elsie Williams, was not

the place at which the defendant had his usual residence, and that the service was voidable, though it was certified by the sheriff to have been his usual residence.

There seems to have been no dispute about there being filed in the original case by Williams, acting through his attorney, G. H. Montgomery, a motion to set aside the order requiring the garnishee to pay the money into court, and for the further purpose of discharging the garnishment. This application was verified by Williams himself on the 10th of December, 1927. There was also a stipulation for taking depositions, appearing to have been filed on the 10th of December, 1927. It is further clear that he appeared on the trial, and there appear, as Exhibit E, the orders and judgments and findings in the garnishment case, in which the various propositions of the applicant for the order to exempt the money are discussed, with the rulings of the court thereon. It appears that execution had been issued on the original judgment on October 17, 1927, and had been served and returned by the sheriff on October 28, 1927, and that garnishment summons was issued on October 24, 1927, and served October 29, 1927.

The attorney for the state testified as to the procedure, and why the delay was taken, and the matter being deferred to enable Williams to get his principal. The clerk of the court was called to testify concerning seeing the defendant and talking to him, and both sides rested, and the court below found against Williams, and the finding of the court, at page 65 of the case-made, is as follows:

"By the Court: When a judgment is obtained because of irregularities in obtaining the judgment, then the defendant against whom the judgment is rendered has to come into court with some equities that appeal to the equity side of the proposition; he must say that he had a defense to the action or that he had no notice of the service where the service appears regular on its face. I don't think a man can sit aside and let judgment go against him, then come in and file a motion asking the court to give him relief on an execution against him, and later come in and ask for relief without saying whether he had some defense. I think that would be almost a joke on the court where you file a motion and do not say that you have any defense. The motion to set aside the judgment will be denied and exceptions allowed. By Mr. Montgomery: The court's opinion is that the filing of the motion to discharge garnishment was a general appearance? By the Court: Yes, I think so. I think on both grounds the court should refuse it. When Mr. Williams filed his motion to set aside the garnishment and appealed his case, he entered a general appearance. By Mr. Montgomery: Does the court think it is necessary in order for him to entertain the motion he would have to set up a defense? By the Court: To set up that defense; that appeals to the equity side of the case. By Mr. Montgomery: This is a statutory proceeding. By the Court: I know. If you had come in and filed a motion to set aside without having made these appearances, the court might have done so, but after you come in and set up no defense—even though you had a defense to-day, it would appeal to the court."

A formal journal entry was made at page 68 of the case-made, on the 16th of March, 1928, refusing to vacate the judgment, followed by a motion for new trial on the 19th of March, 1928, urging that the decision was against the evidence, and was contrary to law, and that the court erred in holding that he would have to set up a meritorious defense before the court could set aside the judgment, and that the court erred in holding that the appearance in the garnishment proceedings was a general appearance. The order was made overruling the motion for new trial on the 23rd of March, 1928, and notice was given of intention to appeal.

Briefs have been submitted on both sides in this case, plaintiff in error contending that the court below erred in refusing to vacate the judgment, and a discussion was had of the matters involved. The case of Mayhue v. Clapp, 128 Okla. 1, 261 P. 144, is relied on with reference to the service, and the case of Pennahoma Oil Co. v. Jens-Marie Oil Co., 123 Okla. 159, 252 P. 24, is relied on with reference to the garnishment, and some other cases with reference to the nonownership of the fund at the time of the service are cited. Complaint is made as to the ruling of the court that there had been a general appearance. Some citations are had with reference to the jurisdiction of the court. The point is made that the appearance in the garnishment would not be an appearance in the main action, the garnishment merely being ancillary.

The defendant in error has filed a counter brief giving the history of the case and some of the proceedings in the garnishment proceeding that are not fully set forth in the present case-made.

We think that, on the whole case, had the defendant Williams appeared and asked the court to quash the service originally, the court would have been justified in so doing, but we think, under the rulings of this court, that when the defendant Williams allowed the judgment to stand from

the time of its rendition, in September, 1926, and pursued his request to quash the various garnishment proceedings in the case that were brought for the purpose of collecting that judgment, as developed here, the court did not err in refusing to vacate it.

The cause is accordingly affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.