### SERVICE PRINTING CO. v. WALLACE et al.

No. 25795.   Jan. 26, 1937.

W. R. Kerr, for plaintiff in error.

M. C. Rodolf and J. B. Houston, for defendants in error.

PER CURIAM. On June 29, 1934, the Service Printing Company sued David Wallace, R. L. Crowder, and W. W. Henry in the court of common pleas for Tulsa county, the allegations of the petition being that the defendants, as partners, were indebted to the plaintiff upon a simple account in a sum in excess of $800. On the same date the plaintiff filed its affidavit in garnishment, stating that the garnishee, naming it, was indebted to the defendant Wallace and that said defendant had no property subject to execution sufficient to satisfy plaintiff's claim. On the same date a garnishee summons was issued to the garnishee commanding it to answer on or before July 19, 1934. On July 9th, prior to the answer day of the garnishee and prior to the return of the garnishment summons, Wallace filed what he termed a "Special Appearance and Motion to Dissolve Garnishment." The grounds set up in the motion were the insufficiency of the garnishment affidavit and the objection that, in an action against a partnership, plaintiff is not entitled to garnishment of one of the partners until after judgment against the firm and an attempt to satisfy the same out of firm property. On July 10th the garnishment summons was returned showing service thereof upon the garnishee, but no service upon the defendant. On July 14th, after a hearing, the court dissolved the garnishment and discharged the garnishee. On July 18th the garnishee answered that it was indebted to the defendant. The plaintiff appeals from the order dissolving the garnishment, and no question as to the jurisdiction of this court to entertain the appeal is raised.

The law is well settled in this jurisdiction that a failure to serve the garnishment summons upon the defendant renders any judgment thereafter rendered against the garnishee void. Pennhoma Oil Co. v. Jens Marie Oil Co., 98 Okla. 211, 224 P. 720, and the cases therein cited. This rule presupposes no service upon the defendant and no entry of appearance by defendant prior to the garnishee's answer day. Where, however, the defendant enters a general appearance prior to the garnishee's answer day, the defect is cured, and the court, having before it all of the parties, has jurisdiction to try the issues made by the garnishee's answer and render a judgment thereon. Pennhoma Oil Co. v. Jens Marie Oil Co., 123 Okla. 159, 252 P. 24 (a second appeal in the case supra).

Was the motion of defendant Wallace a general appearance notwithstanding its denomination as a "Special Appearance?" In it the defendant makes no mention of the fact that the garnishment summons was not served upon him. Indeed, this objection appears not to have occurred to him until after this appeal was taken. Possibly the objection as to the sufficiency of the affidavit goes to the jurisdiction of the court and properly could be termed a special appearance, but we do not decide this question. The fact remains that coupled with the objection to the affidavit was an objection, not to the jurisdiction of the court, but to the merits of the garnishment, that is, an objection that the debt was not garnishable. As said by the Kansas Court of Appeals in Kansas City, Ft. S. & M. Ry. Co. v. Cunningham, 51 P. 972 (affirmed as to the point under discussion in 56 P. 502);

"His appearance was not a special appearance, for the purpose of setting aside the service upon the garnishee or upon himself, because of any defect in the process or pro-

ceedings; but he came into the justice court, submitted himself to the jurisdiction of the justice, and asked the justice to adjudicate the question whether, under the circumstances, his money was exempt from garnishment, under the laws of Missouri and Kansas. * * * Therefore, his appearance was general, calling for the judgment of the justice upon other matters than those relating solely to a jurisdictional question."

It is apparent that Wallace, when he filed the motion, entered his general appearance. The time for the garnishee's answer not having expired at the time of such entry of appearance, the proceeding did not abate, and the court was vested with jurisdiction to determine whether or not the debt was a garnishable debt and whether or not the funds impounded should be applied to the payment of plaintiff's claim.

Defendant contends that the discharge of the garnishee was proper for the reason that plaintiff's garnishment affidavit alleged only that the defendant Wallace had no property liable to execution sufficient to satisfy plaintiff's demand and did not allege that the partnership had no property, etc. Section 614, O. S. 1931, provides that the affidavit must state "the amount of the plaintiff's claim against the defendant or defendants," and must state that the garnishee "is indebted * * * to the defendant (or either or any of the defendants) * * * and that such defendant has not property liable to execution sufficient to satisfy the plaintiff's demand. Under this statute the plaintiff may proceed in garnishment against any or all of the defendants.

Garnishment is in the nature of an execution. And, since in this state property of an individual partner may not be subjected to execution until the exhaustion of partnership property, it would be inconsistent with the well-settled law of this state to allow a plaintiff to proceed by garnishment against an individual partner, stating in his garnishment affidavit nothing more than that the garnisheed defendant has no property liable to execution sufficient to satisfy the plaintiff's demand.

The decisions from other jurisdictions presented by the plaintiff in error, notably the decision in the case of Roof v. Blake, 187 Mich. 38, 153 N. W. 3, have been examined and found inapplicable to the question here presented.

It does not appear from the opinions in those cases whether or not the garnishments therein were based upon an affidavit such as the one filed in the instant case.

The judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys Mart Brown, John Cantrell, and Stephen Chandler in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Brown, and approved by Mr. Cantrell and Mr. Chandler, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.