### CONLIN v. LAMONT IRON CO.

LABOR LIENS—JUDGMENT—SURPLUSAGE.

A judgment giving a lien on real as well as on personal property in an action for work and labor, in which the summons and declaration claimed a lien on the personal property only, under 1 How. Stat. § 4063, will be treated as surplusage, so far as the lien on the real property is concerned, and the validity of the judgment as to the lien on the personal property will not be affected thereby.

Error to Iron: Stone, J. Submitted April 6, 1898. Decided April 19, 1898.

*Assumpsit* by Thomas Conlin against the Lamont Iron Company for work and labor. From a judgment for plaintiff, defendant brings error. Affirmed.

*Sherman T. Handy*, for appellant.

*M. H. Moriarty* (*R. C. Flannigan*, of counsel), for appellee.

GRANT, C. J.   Plaintiff recovered a judgment in a suit at law against the defendant for $429 for work and labor. In both the summons and declaration he claimed a lien on the personal property of defendant under 1 How. Stat. § 4063.   In entering the judgment plaintiff was given a lien on the real as well as the personal property.   Defendant seeks to reverse this judgment because it declares a lien on the real estate.   Its counsel insists that such lien can only be enforced by a bill or petition in chancery under 2 How. Stat. § 8382.   If this were so, the mere taking of a judgment would not be a proceeding to enforce the lien. When he attempts to enforce his lien by proceedings at law, it will be in time for defendant to raise the question. If there is no way to enforce the lien by proceedings at law, the recital is harmless.

But this case may be disposed of by holding that this recital in the judgment is surplusage.   Obviously it does not affect the validity of the judgment or the lien upon the personal property.   No such lien is claimed in the declaration or summons, and no such issue was presented by the pleadings.   It does not appear that this matter was called to the attention of the trial court.   It is an error which the court would undoubtedly have corrected on motion.   Counsel for plaintiff assert in their brief that they offered to consent to an amendment striking out this recital.   If this was so, defendant should have complied with the offer.

Judgment affirmed.

The other Justices concurred.