## MID-WEST FRUIT CO. v. DAVIS.

No. 14935—Opinion Filed Nov. 12, 1924.

Rehearing Denied Dec. 2, 1924.

**Appeal and Error—Default Judgments—Vacation—Grounds—Discretion of Trial Court.**

Upon petition to vacate a default judgment upon the grounds of unavoidable casualty and misfortune (Comp. Stat. 1921, sec. 810, subd. 7), the sufficiency of the evidence to sustain the allegations of the petition is a matter solely for determination of the trial court in the exercise of a sound judicial discretion, and upon review of such action in this court the judgment of the trial court will be affirmed in the absence of a clear showing that the trial court abused its discretion. No abuse of discretion being clearly shown under the facts of this case, no error is apparent.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Proceeding by Mid-West Fruit Company, a corporation, to vacate a default judgment in favor of Ben Davis. Judgment denying the petition, and the petitioner brings error. Affirmed.

On January 20, 1923, Ben Davis commenced an action in the district court of Muskogee county against the Mid-West Fruit Company, a corporation, to recover a balance alleged to be due him by reason of the sale and delivery to the defendant of certain shipments of peaches during the year 1922 under an express oral contract. On February 19, 1923, the defendant, Mid-West Fruit Company, filed its general demurrer to the petition of plaintiff in that action, and said demurrer was by the court overruled February 28, 1923, and defendant, Mid-West Fruit Company, was given ten days thereafter within which to file answer.

Thereafter the case was set regularly for trial on the trial docket for the May, 1923, term of said court, and came on for hearing in regular order on May 9, 1923. No answer having been filed in the cause and no one appearing for or in behalf of the Mid-West Fruit Company, the plaintiff, Ben Davis, announced ready for trial and waived a jury, whereupon the court heard the testimony, and after adjudging the defendant, Mid-West Fruit Company, to be in default, found from the testimony of plaintiff that he was entitled to recover in the action and rendered judgment in his favor for the sum of $1,647.20.

Thereafter, on May 12, 1923, defendant, Mid-West Fruit Company, filed its motion for new trial, but nowhere in said motion was it alleged as one of the grounds thereof that said default had been suffered through any "accident or surprise, which ordinary prudence could not have guarded against," as provided for in subdivision 3, sec. 572, Comp. Stat. 1921. Thereafter, on June 2, 1923, the court granted defendant, Mid-West Fruit Company, leave to file an amended motion to set aside the judgment, said motion to be filed by June 7, 1923. On June 7, 1923, Mid-West Fruit Company filed its pleading, which is denominated, "Amended Motion to Set Aside Default Judgment." Omitting the formal parts of said amended motion, it contains the following allegations:

"That defendant was prevented from appearing and contesting and trying said cause of action on account of unavoidable casualty, misfortune and accident.

"That defendant filed in said cause of action, its demurrer against the plaintiff's petition; that said demurrer was thereafter overruled, and that defendant's attorneys undertook to file an answer in said cause, and that on account of a mistake of fact, which amounted to an unavoidable casualty upon the part of this defendant; that defendant and defendant's attorneys in good faith believed that the said answer had been filed.

"That it appears that said cause was set for trial on the 9th day of May, 1923, but that defendant thought and believed that said cause was set for trial on the 10th day of May, 1923; that said defendant's attorneys were out of the city on the 9th day of May, and engaged in the trial of a law suit in Tulsa, Oklahoma; that on the morning of the 10th, defendant's attorneys were in Muskogee, and for the first time learned on that date, which they thought was the day set for the trial of said cause, that judgment had been rendered the day before. Defendant believes under all these circumstances and facts that this judgment should be set aside and that it should be allowed to defend.

"Defendant further alleges that it has a meritorious cause of action; that the alleged contract sued upon was in fact a partnership account, and that defendant owes plaintiff nothing.

"Defendant offers and confesses the costs in said suit and cause of action thus far accrued, and offers to pay the same."

Attached to said amended motion is an answer of the defendant, Mid-West Fruit Company.

Thereafter, on July 28, 1923, the motion for new trial and the amended motion to set aside default judgment were heard by the court, and both were overruled. From the order of the court overruling these motions, Mid-West Fruit Company has brought this proceeding in error by petition in error with case-made attached to review said action of the trial court.

Disney & Wheeler, for plaintiff in error.

W. R. Banker, for defendant in error.

Opinion by LOGSDON, C. This is one of those unfortunate and infrequent cases in which counsel are compelled by their sense of duty to a client to come to this court asking that the rules of procedure adopted for the orderly conduct and dispatch of the business of the trial courts be set aside in order to relieve the client from the results of oversight or lapse of memory of counsel. The following language from the opinion in the case of Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 Pac. 464, is very apropos here:

"Counsel has the sympathy of the writer in the matter, and yet we are bound to impute negligence to the oversight, and the individual litigant must suffer the result of it, rather than that there be laid down a rule so broad as to deprive all default adjudication of any strength. The danger of default is the only guaranty of punctuality in litigants and orderliness in court procedure; and anything less than strictness in the rule of this court in vacating such judgments would undermine trial procedure, and be subversive of public policy."

There is no statement of fact or allegation in the amended motion to set aside default judgment from which it may be fairly inferred that the default in this case came about through any other circumstance than the clear oversight of counsel and their entire lapse of memory as to the pendency of the action. It is shown that on the day the case was set for trial they were engaged in the trial of a law suit at Tulsa, but it is not shown, nor is any reason given, why their attention to the matter should have been entirely distracted from the 28th day of February until the convening of the May term of district court in Muskogee. Counsel were residents of Muskogee and were doubtless many times in the court clerk's office during that time, yet it is not claimed by them that any inquiry was

ever directed toward ascertaining the status of this case prior to the entry of the default judgment. The trial court heard the matters presented, together with the reasons which counsel may have seen fit to urge in behalf of their client, and being fully advised in the matter overruled both motions. In this it is not apparent from the record that the trial court abused its discretion. This case is clearly controlled by the case of Wagoner et al. v. Lucas et al., 79 Okla. 231, 193 Pac. 421.

The judgment and order of the trial court herein should be in all things affirmed.

On motion of plaintiff contained in his brief herein and in conformity with the rules of this court, judgment is hereby rendered against John W. Brown and John Teasdale, sureties upon the supersedeas bond filed herein, in the sum of $1,647.20, with interest thereon at 6 per cent. from May 9, 1923, journal entry of such judgment to be prepared in conformity herewith.

By the Court: It is so ordered.