## YAKIMA VALLEY BANK v. WOOD & CO. et al.

No. 12833—Opinion Filed Jan. 20, 1925.

Rehearing Denied May 5, 1925.

**1. Garnishment — Jurisdiction — Necessity for Service of Summons on Defendant.**

Section 4824, Rev. Laws of 1910, is mandatory in requiring the summons of garnishment to be served upon the defendant, or his attorney of record, as well as upon the garnishee: and where the plaintiff seeks by garnishment proceedings to reach debts owing to a nonresident defendant, the court could not acquire jurisdiction so as to subject such indebtedness to the claim of the plaintiff without a strict compliance with the statutory provisions. And failure to serve the summons of garnishment upon the nonresident defendant would be fatal to the jurisdiction of the court.

**2. Same—Service on Nonresident Defendant.**

The rendering of judgment against a garnishee is dependent upon the court having obtained jurisdiction over the garnishee, and the fund in his possession, both for the purpose of condemning and for rendering judgment in rem to that amount against a nonresident defendant. Where the nonresident defendant has not been served with the summons of garnishment, and has not appeared before the court, or otherwise submitted to the jurisdiction of the court, the court is without authority to render a judgment in rem until it has obtained jurisdiction of the garnishee and the fund in his possession.

**3. Same—Appearance of Defendant as Witness not Waiver of Process.**

Where principal defendant has not been served with garnishment summons in garnishment proceedings, but has been called, sworn, and examined by the intervener claiming the garnished fund, and does not further participate in any of the proceedings, he has not entered such an appearance as would waive the necessity for the issuance and service of garnishment summons upon such principal defendant.

(Syllabus by Ruth, C.)

Commissioner's Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Wood & Company against J. E. Shannon; Yakima National Bank, intervener. From the judgment, the intervener appeals. Reversed and remanded.

B. H. Epperson, for plaintiff in error.

Lydick & Wilson and Kittie C. Sturdevant, for defendants in error.

Opinion by RUTH, C. Defendant in error

Wood & Company filed its action in the district court of Pontotoc county against one J. E. Shannon, a resident of the state of Washington, and garnished certain money in the hands of the First National Bank of Ada, Okla., whereupon the Yakima Valley Bank of Yakima, Wash., filed its interplea, by leave of the court, claiming ownership of said sum so garnished by virtue of the transfer by endorsement of a certain draft attached to a bill of lading drawn on J. M. Standfield of Ada, Okla.

For convenience the parties will be designated as they appeared below.

Upon the filing of the petition by plaintiff, an affidavit for garnishment was filed, and the money in the First National Bank was garnisheed, summons was issued, and returned as to defendant Shannon "Not found." Thereafter summons was issued directed to the sheriff of Yakima county, Wash., and the same was returned, showing personal service upon the defendant Shannon.

Defendant Shannon made default; judgment was rendered against him and the journal entry of judgment shows "the defendant failed to appear, plead, except, demur, or answer," and after trial had between the garnishee bank and the intervener, judgment was rendered by the court directing the First National Bank of Ada to pay the money in its possession, obtained by payment of the draft by Standfield, to the plaintiff. From this judgment, intervener brings this cause here for review.

Intervener presents seven specifications of errors in his brief, the first, second, and third of which are as follows: The trial court had no jurisdiction over the person of J. E. Shannon; the trial court had no jurisdiction to render judgment in favor of the defendant in error; the trial court could not render a judgment in favor of the defendant in error unless a garnishment summons had been served on the defendant J. E. Shannon.

It is not contended by plaintiff that any garnishment summons was served on the defendant Shannon, and the record wholly fails to show the issuance and service of garnishment summons upon the principal defendant. This court has passed upon this identical question. In State National Bank of Shawnee v. Wood & Company, 88 Okla. 292, 212 Pac. 1002, this court held:

"Section 4824, Rev. Laws of 1910, is mandatory in requiring the summons of garnishment to be served upon the defendant, or his attorney of record, as well as upon the garnishee; and where the plaintiff seeks by

garnishment proceedings to reach debts owing to a nonresident defendant, the court could not acquire jurisdiction so as to subject such indebtedness to the claim of the plaintiff without a strict compliance with the statutory provisions. And failure to serve the summons of garnishment upon the nonresident defendant would be fatal to the jurisdiction of the court.

"The rendering of judgment against a garnishee is dependent upon the court having obtained jurisdiction over the garnishee and the fund in his possession, both for the purpose of condemning and for rendering judgment in rem to that amount against a nonresident defendant. Where the nonresident defendant has not been served with the summons of garnishment, and has not appeared before the court, or otherwise submitted to the jurisdiction of the court, the court is without authority to render a judgment in rem until it has obtained jurisdiction of the garnishee and the fund in his possession."

In State National Bank v. Lowenstein, 52 Okla. 259, 155 Pac. 1127, it is held:

"Section 4824, Rev. Laws 1910, provides: 'Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days: The garnishee summons may be served by the sheriff, or any other person not a party to the action, and shall be substantially in the following form: "_____ Court _____ County. A. B., Plaintiff, v. C. D., Defendant, E. P., Garnishee. The State of Oklahoma to said Garnishee: You are hereby summoned, pursuant to the affidavit filed herein, as garnishee of the defendant, C. D., and required on or before date of return day, to answer according to law whether you are indebted to, or have in your possession or under your control, any property, real or personal, belonging to such defendant, and file your answer with the clerk of this court; and in case of your failure so to do you will be liable to further proceedings according to law. Of which the said defendant will also take notice.' Held, that this section of the statute is mandatory, and a garnishment summons which does not substantially conform to the provisions of this statute is void, and the service thereof would give no jurisdiction to the court, and held, further, that a failure to serve the garnishee summons upon the principal defendant would also be fatal to the jurisdiction of the court."

It appears from the record, the intervener, Yakima Bank, claimed the garnished money, by reason of an assignment of the draft, by Shannon, prior to the filing of the action or the issuance of the garnishment

summons to the First National Bank of Ada, and that intervener forwarded draft to the bank at Ada for collection after crediting Shannon's acount with the sum represented by the face of the draft.

To establish its claim, intervener served notice on the plaintiff of its intention to take depositions of divers and sundry persons in Yakima, Wash., and the depositions show that "J. E. Shannon was duly called by the intervener, and after being first duly sworn deposes and says," etc. Plaintiff contends that inasmuch as Shannon was sworn and his deposition taken, he made a general appearance in the case, and has waived any irregularities or informalities in the issuance and service of summons and no garnishment summons was necessary.

Plaintiff cites cases in support of its contention, and after a careful examination of all authorities cited, we cannot agree with plaintiff that where a person, who happens to be the principal defendant, is called and sworn for the intervener, and deposes, he thereby enters his general appearance and waives his right to a garnishment summons.

Ziska v. Avey et al., 36 Okla. 405, 122 Pac. 722, cited by defendant in error, simply holds and affirms the well known principal that:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial."

In Bishop-Babcock-Becker Co. v. Hyde, 61 Okla. 250, 161 Pac. 172, cited by defendant in error, the court decided that:

"The giving of a bond to discharge a garnishment * * * constitutes a general appearance to the action, and converts it from an action in rem to one in personam."

In Drennan v. Warburton, 33 Okla. 561, 122 Pac. 179, cited by defendant in error, it was held:

"An appearance, in order to be special, must be shown to be such by a proper designation and entitlement."

In St. Louis Cordage Mills v. Western Supply Co., 54 Okla. 757, 154 Pac. 646, it was held that where a motion sets forth both jurisdictional and nonjurisdictional grounds for dismissal, the filing of such motion amounts to a general appearance.

Martin v. Cole (Ky.) 230 S. W. 535, relied upon by plaintiff, is not in point, for the reason defendant appeared at the taking of dep-

ositions; his counsel cross-examined witnesses and when "motion to submit to judgment" was filed, defendant interposed no objections, and not until a month following did he enter his appearance and move to quash the summons; and the court held:

"The steps taken by him (defendant) prior to the filing of his motion to quash the summons constituted a general appearance to the action and the court had jurisdiction of his person."

In Froelich v. Northern Pacific Railway Company (N. D.) 167 N. W. 366, cited in plaintiff's brief, the railway company was duly served with summons and notice of taking depositions and appeared at the taking thereof, and participated in the proceedings and was decided upon a point not arising in the instant case.

Reinertsen v. Bennett & Son (Tex. Civ. App.) 185 South. 1027, cited in brief of plaintiff, is not persuasive upon the court, as Reinertsen, plaintiff, Bennett & Son defendants, the garnishee, and the numerous interveners treated the fund as a trust fund to be distributed among the claimants, and the case revolved around the question of the proper distribution by the lower court.

After careful research, we have been unable to find any authority supporting the defendant's contention that the fact the principal defendant was called and sworn and his deposition taken would constitute a general appearance and feel the better reason is against such a rule.

There having been no garnishment summons served upon the principal defendant, Shannon, and his being called and sworn as a witness for the intervener, not being such an "appearance" as would constitute a general appearance and waiver of the garnishment summons, the court was without jurisdiction to render a judgment in favor of the plaintiff, Wood & Company, subjecting the money garnished to the satisfaction of the judgment obtained against Shannon, the principal defendant, and for the reasons herein stated the judgment of the court below should be reversed for further proceedings in conformity herewith.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 237; (2) 28 C. J. p. 321; (3) 4 C. J. p. 1348.