## CENTRAL NAT. OIL CO. v. CONTINENTAL SUPPLY CO.

No. 16877—Opinion Filed Sept. 14, 1926.

1. **Judgment—Insufficiency of Petition to Support Judgment.**

Where a petition shows upon its face that the cause of action sued on is based upon a contract void under the statute of frauds, and there are no averments which show the transaction to be excepted from the operation of the statute, such petition is insufficient to support a judgment based thereon, especially where the verified answer of defendant expressly negatives the exceptions which might remove the bar of the statute, and no reply is filed to such answer.

2. **Same—Invalidity of Judgment Without the Issues.**

A judgment which is without and beyond the issues framed by the pleadings and proof is in excess of jurisdiction, and unless the excessive part of said judgment can be readily separated from that which is within the jurisdiction, the entire judgment is void.

3. **Same—Vacation of Judgment Void on Face of Record.**

A judgment which is void on the face of the record, or judgment roll, is a nullity and may be vacated at any time on motion.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Proceeding by Central National Oil Company on motion to vacate a prior judgment in favor of Continental Supply Company. From an order and judgment denying the motion to vacate, the movant prosecutes error. Reversed, with directions.

On February 28, 1923, the Continental Supply Company commenced its action in the superior court of Okmulgee county against the Central National Oil Company to recover upon an account for goods, wares, merchandise, and supplies, alleged to have been sold by plaintiff to defendant, and for which said defendant orally agreed to pay the sum of $3,963.44. Exhibit "A"

was attached to the petition as showing the items of the account sued on, and was referred to and made a part of the petition by appropriate reference. Plaintiff's prayer was for judgment for the sum of $3,963.-44, with interest thereon from February 20, 1923, at the rate of 6 per cent. per annum, and for costs.

To this petition defendant filed its demurrer, in which it was alleged that the petition did not state facts sufficient to constitute a cause of action against the defendant. This demurrer was by the court overruled, and thereupon defendant filed its answer, consisting of a general denial, and the specific allegations that the defendant did not receive the goods, wares, merchandise, or supplies, or any part thereof mentioned in plaintiff's petition, and that defendant did not pay the alleged purchase price, or any part thereof, and it also denied that any note or memorandum in writing was ever signed by the defendant, or by any person by it thereunto authorized, evidencing the terms of the oral contract sued on. This answer was verified and no reply was ever filed thereto.

Thereafter the case was set for trial on November 7, 1924, but by reason of a misunderstanding between two firms of lawyers, as to which of them should appear and represent the defendant upon the trial of the case, neither appeared, so that the defendant was not present in person, or by attorney upon the trial of the case. Plaintiff announced ready for trial, waived a jury, and thereupon the cause was submitted to the court, and resulted in a finding and judgment in favor of plaintiff and against defendant for the sum of $4,368.40. Motion for a new trial was filed and overruled. Thereafter defendant filed its motion to vacate said judgment upon various grounds stated in said motion. This motion was by the court overruled, and defendant has brought the case here by petition in error with case-made attached for review.

McCrory & Monk and Kathryn Van Leuven, for plaintiff in error.

Beckett & Lewis and C. C. Mount, for defendant in error.

Opinion by LOGSDON, C. At the outset this court is confronted by a motion contained in plaintiff's brief to dismiss this proceeding for failure of defendant to comply with rule 25 of this court in the preparation and arrangement of its brief, and in the presentation of its argument therein.

This criticism of defendant's brief is not without basis, but in view of the disposition which this case merits, the motion to dismiss will be denied for the reasons and in the language used by this court in Crossan v. Cooper, 41 Okla. 281, 137 Pac. 354:

"There is some merit to this objection, but the discrepancy and shortcoming of the brief of the defendant is not of such magnitude or degree as would warrant us in dismissing the appeal under this ground of the motion."

Several matters are urged in defendant's brief as grounds for reversal of the trial court's order refusing to vacate the original judgment herein. Among these the one of primary importance, and which is decisive in this proceeding, is that the judgment sought to be vacated is void. Not that it is voidable merely, but that its invalidity appears upon the face of the record. As was said in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681:

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll."

In the instant case plaintiff's petition alleged:

"That the defendant is justly indebted to the plaintiff upon account for goods, wares, merchandise, and supplies sold by plaintiff to defendant, and for which the defendant orally agreed to pay in the sum of $3,963.44."

Exhibit "A" is then referred to as attached to and made a part of the petition, and as showing the items so furnished and the dates thereof. Exhibit "A" covers pages 7 to 14 of the case-made. The first three pages of the exhibit show an account of the Youngstown Sheet & Tube Company of St. Louis, Mo., against, and some of its invoices to, the Central National Oil Company. The remaining pages show credit and charge slips to and against Central National Oil Company, but do not disclose by whom made. This exhibit does not show an assignment of the account by the Youngstown Sheet & Tube Company, and plaintiff's petition does not allege an assignment, nor show any other authority for maintaining an action on the Youngstown Sheet & Tube Company account against defendant. The exhibit was therefore not germane to the allegations of plaintiff's petition. Neither does the petition contain any allegation excepting this alleged oral contract from the operation of the statute of frauds of this state, although the petition on its face shows that the al-

leged contract is within the statute (Comp. Stat. 1921, section 5034, subdiv. 4.).

To this petition defendant interposed a general demurrer upon the ground that the petition does not state facts sufficient to constitute a cause of action, which demurrer was overruled. Defendant then answered by general denial, and also expressly pleaded facts, which, if true, precluded plaintiff's recovery under the statute of frauds. This answer was verified, and no reply was filed thereto. This leads to a brief consideration of the first ground urged for reversal.

By reason of a misunderstanding between two firms of lawyers, as to which of them was to represent defendant on the trial, neither the defendant nor counsel appeared on the day the case was set for trial. This may have been excusable as a matter of fact, but is not so as a matter of law, and can afford no relief from the judgment entered that day. Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 Pac. 464; Wagoner et al. v. Lucas et al., 79 Okla. 231, 193 Pac. 421; Mid-West Fruit Co. v. Davis, 104 Okla. 254, 231 Pac. 208.

Plaintiff appeared and announced ready for trial and the case proceeded before the court, a jury being waived. With defendant's verified answer on file, and in the absence of defendant and counsel, it was a clear duty of the court to examine the pleadings carefully to determine whether plaintiff's petition stated a cause of action which would support a judgment in its favor. Such an examination in the instant case would have disclosed to the trial court that, in addition to the two material defects in the petition above pointed out, there was no allegation that the "goods, wares, merchandise, and supplies," alleged to have been sold by plaintiff to defendant were ever received, accepted, or used by defendant. In the absence of this essential averment in the petition under section 5034, subdiv. 4, Id., the allegations in defendant's answer, "that the defendant did not receive the goods, wares, merchandise, or supplies, or any part thereof," and "that defendant did not pay alleged purchase price or any part thereof," were not surplusage, but constituted affirmative defenses in bar of plaintiff's right of recovery under the statute. Had plaintiff's petition contained the necessary statutory averments, the defense of the statute could have been shown under the general denial, and these express allegations in the answer would then have been surplusage.

Hopkins v. Dipert, 11 Okla. 632, 69 Pac. 883; Altoona Portland Cement Co. v. Burbank et al., 44 Okla. 74, 143 Pac. 845; Render v. Lillard, 61 Okla. 206, 160 Pac. 705.

With the verified answer of defendant before the court denying the correctness of plaintiff's claim, and expressly alleging the nonexistence of facts essential to plaintiff's right of recovery, and these express allegations not being denied, plaintiff's right of recovery was barred on the face of the pleadings, and its petition did not state facts sufficient to support a judgment in its favor.

But this is not all that the judgment roll shows on its face against the validity of the judgment here sought to be vacated. Plaintiff's petition expressly alleged the amount of the "goods, wares, merchandise, and supplies" sold to be $3,963.44. An examination of the exhibit relied on to show these facts discloses that in making this total an interest charge of $1,002.45 is included. This interest charge is shown to have been computed at 8 per centum per annum. There is no allegation in the petition that defendant orally or otherwise agreed to pay interest in excess of the legal rate, nor is there any allegation stating a cause of action for recovery of interest, nor any prayer for judgment for the amount of this interest. The net account for "goods, wares, merchandise, and supplies," as shown by the exhibit, is $2,960.99. The adjudication and determination by the court reads:

"That the allegations of plaintiff's petition are true, and that the defendant is justly indebted to the plaintiff for goods, wares, merchandise, and supplies sold by plaintiff to defendant and for which the defendant agreed to pay in the sum of $4,368.40; that said account is past due and unpaid, and that the plaintiff is entitled to judgment therefor."

It thus appears that the court rendered no judgment for interest, there being no pleadings to sustain such an award, but did render judgment for the value of the "goods, wares, merchandise, and supplies," in a sum $404.96 in excess of the amount claimed in plaintiff's petition, and $1,407.41 in excess of the amount shown by plaintiff's exhibit to be the value of those items. It is clear that the court rendered judgment for an amount sufficient to include this 8 per cent. interest charge, without that issue being tendered by the pleadings. This interest charge was illegal on the face of the petition and exhibit. Comp. Stat.

1921. sections 5097 and 5098. If this judgment be considered as a judgment for value of the "goods, wares, merchandise, and supplies," as it purports to be, it is void in part because extrajudicial in part under the pleadings and proof. If it be considered as a judgment including the interest charge shown by the exhibit to plaintiff's petition, it is void in part as being without and beyond the issues tendered by the pleadings, and is to that extent illegal and contrary to section 5097, Id. Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 Pac. 706; Choi v. Turk, 55 Okla. 499, 154 Pac. 1000; Wade v. Day, 55 Okla. 572, 162 Pac. 454; Standard Savings & Loan Assn v. Anthony Wholesale Groc. Co., 62 Okla. 242, 162 Pac. 451; Freeman on Judgments (5th Ed.) vol. 1, sec. 355. If this judgment were supported by the pleading and proof, and were separable so that the valid portion could be distinguished from the invalid portion, it could be permitted to stand to that extent. But it is not so supported, while its form and language render it inseparable.

The judgment sought to be vacated, being void on the face of the record, may be vacated at any time on motion. Arnold Joines, 50 Okla. 4, 150 Pac. 130; Condit et al. v. Condit et al., 66 Okla. 215, 168 Pac. 456; Pettis v. Johnston, supra; Comp. Stat. 1921, section 817.

For the reasons herein stated, the order and judgment of the trial court denying defendant's motion to vacate its prior judgment is reversed, and the cause is remanded with directions to the trial court to vacate its judgment of November 7, 1924.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 153, § 363. (2) 33 C. J. p. 1152, § 93; 15 R. C. L. 692. (3) 34 C. J. p. 269, § 492.