## FUQUA v. WATSON et al.

No. 23417. June 18, 1935.

E. F. Maley, for plaintiff in error.

George T. Bonstein, for defendants in error.

GIBSON, J. Defendants in error, referred to herein as plaintiffs, commenced this action in the superior court of Okmulgee county against the plaintiff in error, referred to herein as defendant, for possession of and to quiet title to certain real property. The action is based upon a tax deed obtained by plaintiffs from the chairman of the board of county commissioners. The deed in question was what is commonly called a county deed, issued by the chairman, conveying lands obtained by the county as a result of tax resale, as provided in section 9746, C. O. S. 1921, amended by S. L. 1923, chapter 158, sec. 6 (sec. 12756, O. S. 1931).

The defense was the one-year statute of limitations, as provided in section 9753, C. O. S. 1921, now 12763, O. S. 1931, and that the deed was void on its face.

The trial court declared the deed void, and rendered judgment against defendant for the sum of $766.14, being the amount of accumulated taxes, penalties, interest, and costs chargeable against the land, declared said sum to be a first and prior lien upon the land, ordered the plaintiffs subrogated to the rights of the county and ordered sale of the property under execution to satisfy the judgment. From this judgment the defendant has appealed.

It is contended by plaintiff that certain portions of the judgment are outside of and beyond the issues as framed by the pleadings and proof, and that said judgment is therefore a nullity as to the portions thereof not supported by the issues.

An examination of the pleadings reveals no allegations seeking recovery of the accumulated taxes, penalties, and costs chargeable to said land. Plaintiffs refer us to

no evidence in the record tending to establish such right of recovery, and our own examination of the record discloses no such evidence. That portion of the judgment allowing personal recovery against the defendant and decreeing a lien against the property was wholly outside of and beyond the issues as framed at the trial, and is therefore a nullity. Central National Oil Co. v. Continental Supply Co., 119 Okla. 190, 249 P. 347; Freeman, Judgments, vol. 1, sec. 355.

The question of the validity of the deed was properly before the trial court for its determination. The portion of the judgment declaring the deed void is not questioned on this appeal and must stand as the final determination of that question. The void portion of the judgment is clearly separable from that portion which is valid. In such case this court will modify the judgment by striking therefrom the erroneous portion so entered and affirm that portion which was within the jurisdiction of the trial court to render. Paulsen v. Western Electric Company, 67 Okla. 309, 171 P. 38.

The judgment annulling the tax deed was within the issues and valid, and for that reason the judgment will be modified by striking therefrom that portion awarding personal judgment against defendant, and, as so modified, the judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.