## DILLARD et al. v. MORRISON.

No. 29050.    Sept. 26, 1939.

F. B. Dillard, for plaintiffs in error.

Duff & Manatt, for defendant in error.

DAVISON, J. This is an appeal from an order of the district court of Tulsa county, wherein a motion to confirm a sheriff's sale held pursuant to judgment granting a recovery on a promissory note and the foreclosure of a real estate mortgage securing the same, was sustained and a motion to vacate the judgment in said foreclosure action was overruled.

The property involved consists of two lots in the Orcutt addition to the city of Tulsa which were sold to the judgment creditor (appellee herein) for a credit of $1,600 on the judgment.

The appellants base their claim that the trial court should have vacated the decree of foreclosure upon the premise that said judgment was void. Their brief contains no direct reference to the objectionable portions of the judgment as reflected in the journal entry, but from their counsel's argument they apparently refer to the following provisions thereof:

"The court further finds * * * that the taxes now due and unpaid against said real estate, including the penalties up to May 1, 1938, amount to $584.51; that upon a sale of said property, in case the same is purchased by the plaintiff, and said taxes paid by the plaintiff, then and in that event said taxes should be deducted from the purchase price of said real estate and stand as a deficiency judgment against the defendant, F. B. Dillard, in addition to any other deficiency judgment that might exist by virtue of the sale of said real estate. * * *

"It is, therefore, ordered, considered, adjudged and decreed. * * *

"Should the proceeds of said sale be insufficient to pay off and discharge all taxes now levied and unpaid against the said real estate, including all penalties connected therewith, together with the plaintiff's judgment, then any deficiency remaining unpaid shall stand as a deficiency judgment against the defendant, F. B. Dillard, for the collection of which general execution is hereby awarded."

It is contended that the above provisions render the judgment void for the reasons that they make of it a personal judgment for taxes and cause the amount of the judgment indebtedness to depend upon a contingency, and consequently said judgment was not a final determination of the rights of the parties to the action. The appellants maintain that said judgment is void for the further reason that such provisions are wholly outside the issues of the action.

The appellee does not deny the alleged defects in the quoted provisions, but she does deny that said portion of the judgment renders void the judgment as a whole. She maintains that the quoted provisions of the journal entry of judgment are separable from the rest of the judgment, and this being true, that they can be considered surplusage and be disregarded, allowing the valid portions of the judgment to stand. As authority for this position we are cited the following cases: Central National Oil Co. v. Continental Supply Co., 119 Okla. 190, 249 P. 347; Fuqua v. Watson et al., 172 Okla. 624, 46 P.2d 486; Hentig v. Johnson et al. (Cal. App.) 96 P. 390; Conlin v. Lamont Iron Co. (Mich.) 74 N. W. 1004; Hanlon v. Hennessey et al. (Minn.) 92 N. W. 1. The foregoing authorities seem to support the appellee's theory and we know of none to the contrary. An examination of the entire journal entry of the judgment discloses that the objectionable portion thereof is readily separable from the rest of said judg-

ment, and that, disregarding that part, it remains an ordinary and regular judgment for a definite amount of money together with a decree for the foreclosure of the mortgage. It is true that when the objectionable portion of the order contained in the journal entry is disregarded, the decree is left without a direction for the collection of any deficiency judgment which might remain after the sale, but the judgment is not for this reason invalid and unenforceable. See McNeal et al. v. Baker et al., 135 Okla. 159, 274 P. 655. Apparently these are the views of the concededly defective provisions that the trial court entertained in refusing to vacate said judgment. As said provisions were clearly surplusage and not fatal to the validity of the judgment as a whole, it cannot be said that the trial court erred in so ruling, and we so hold.

The appellants' objections to the confirmation of the sale were based upon the irregularity above discussed together with the allegation that the price paid by the appellee at the sheriff's sale was grossly inadequate. In the appellee's brief, it is pointed out that the iregularity which will warrant the court in refusing to confirm a sheriff's sale must be an irregularity in the sale proceedings themselves and must appear on the face thereof. It is true that in the present case the irregularity in the judgment is not reflected in the notice of sale, nor the sheriff's return of the sale or in any other record of the sale proceedings. It is also true that as a general rule "on motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale and is not required to go behind the execution and look into the regularity of the judgment." Griggs et al. v. Brandon et al., 132 Okla. 180, 269 P. 1052. However, the appellants contend that an irregularity in a judgment such as the one in question extends to the sale proceedings in that it discourages the attendance at the sale of persons who would perhaps be bidders were it not for said irregularity. As proof of this statement they point to the alleged fact that only they, themselves, and the appellee were represented at the sale, and assert that this circumstance is sufficient to bring this cause within the rule that gross inadequacy of consideration coupled with very slight additional circumstances is sufficient to set aside the sale. The appellee, however, contends that the price she paid for the property at the foreclosure sale was not grossly inadequate.

If the evidence supports her contention, then the rule cited by her adversary has no application to the present case.

The record of the testimony introduced at the hearing upon the confirmation contains estimates of the value of the property ranging from $1,200 to $6,000. In view of such evidence and the fact that there was approximately $600 in taxes and penalties due and unpaid upon the two lots, we cannot say that $1,600 is a grossly inadequate price for the property. This being true, the appellants cannot prevail in their argument that the trial court committed error in confirming the sale of the property involved herein.

As we have found that the judgment of the trial court was correct in all respects that the appellants alleged it to be erroneous, said judgment must be affirmed. It is therefore so ordered.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur.