Morris **LA BELLMAN, Plaintiff in Error,**

v.

**GLEASON & SANDERS, INC., a corporation,** Defendant in Error.

No. 39350.

Supreme Court of Oklahoma.

Oct. 4, 1966.

G. C. Spillers, G. C. Spillers, Jr., Jack R. Givens, Tulsa, for plaintiff in error.

Charles Hill Johns, Oklahoma City, for defendant in error.

HODGES, Justice.

This is an appeal upon the original record from an order of the District Court of Caddo County, Oklahoma wherein the court overruled and denied a motion to vacate a default judgment.

The record shows that the defendant in error, hereinafter referred to as plaintiff, filed a petition against the plaintiff in error, hereinafter referred to as defendant, for a money judgment and foreclosure of a lien upon an oil and gas leasehold estate. The defendant was a resident of the State of Texas and service of process was obtained by publication. The defendant made no appearance in person or by pleading and was declared by the trial court to be in default. On January 15, 1960, the trial court, after a hearing, entered judgment for the plaintiff in the amount of $3286.80 and for foreclosure of a lien for said amount upon the oil and gas leasehold estate. The judgment not only declared a lien upon the leasehold as described in the plaintiff's petition, but declared a lien upon the NW¼ SE¼ NW¼ and SW¼ NE¼ NW¼ of Section 27, Township 6 North, Range 9, West I. M., Caddo County, Oklahoma, which was not described or mentioned in the plaintiff's petition or in the notice of publication. The judgment further ordered that the purchase price of certain oil runs owed to the defendant by the Anderson-Pritchard Oil Corporation, hereinafter referred to as Anderson-Pritchard, be applied as a credit to the plaintiff upon the judgment rendered. After receiving judgment the plaintiff attempted to garnish assets of the defendant held by Anderson-Pritchard.

On May 2, 1960, the defendant filed during the term a motion to vacate judgment alleging that he was not indebted to the plaintiff in the amount sued for and that the judgment should be vacated and set aside and the defendant be permitted to file an answer demanding an accounting to determine the true and correct amount, if any, the defendant owes to the plaintiff. The motion was later amended by the defendant, within the term, on May 20, 1960, to further allege that the trial court did not acquire jurisdiction of the defendant and could not enter judgment in personam upon the debt, and that the trial court did not obtain jurisdiction of any funds belonging to the defendant in the possession of Anderson-Pritchard because the defendant was not apprised either by publication notice or by the petition of the plaintiff that judgment was sought against these funds. The motion to vacate the default judgment was denied by the tral court on July 1, 1960, and the defendant then perfected his appeal to this court.

On appeal, the defendant contends that judgment of the trial court is void and should be vacated because (1) the notice by publication was fatally defective in that it did not inform the defendant of the property to be seized; and (2) the judgment of the trial court exceeded the issues invoked by the plaintiff's petition.

It is the position of the plaintiff that the defendant by filing the motion to vacate judgment, which contained nonjurisdictional allegations, entered his general appearance and cannot at this time be heard to complain that the judgment and decision of the trial court is not valid in all respects.

■ We have held that where a defendant moves to vacate a judgment and alleges both jurisdictional and nonjurisdictional grounds, he has entered a general appearance for all purposes as though appearance had been made at trial. Gaghagen v. Lehmer, 170 Okl. 372, 40 P.2d 1046; Richardson v. First Nat'l Bank, 186 Okl. 203, 97 P.2d 39. This rule does not however presuppose that a trial court's judgment is rendered valid in all respects by such an appearance.

In Griffin v. Jones, 45 Okl. 305, 147 P. 1024, 1028, it was contended by the plaintiff that by filing a motion to vacate a judgment the defendants made a general appearance and thereby submitted themselves to the jurisdiction of the court, which had the effect of validating the judgment rendered. In rejecting this argument we said:

"* * * (W)hen a motion to vacate a judgment * * * is filed, and the party's motion alleges jurisdictional as well as nonjurisdictional grounds, he thereby makes a general appearance and waives jurisdiction over his person. Notwithstanding this fact, it is the duty of the court to investigate and ascertain whether or not the proceedings resulting in the judgment and the judgment itself are so irregular that they would be held to be fatal upon appeal direct from the judgment, and that in case injustice has been done, and it is clear the judgment is inequitable, it should be vacated, to the end that the controversy may be heard upon the merits in the interest of justice. * * *"

■ Furthermore, the jurisdiction necessary to empower a court to render a valid judgment is of three types: (1) Jurisdiction of the parties; (2) jurisdiction of the general subject matter; and (3) jurisdiction of the particular matter which the judgment professes to decide. If any one of these requisites is lacking, the purported judgment is a nullity and is void. Jefferson v. Gallagher, 56 Okl. 405, 150 P. 1071; Oklahoma City v. Robinson, 179 Okl. 309,

65 P.2d 531; Hinkle v. Jones, 180 Okl. 17, 66 P.2d 1073. Our statute provides that a void judgment may be set aside at any time. 12 O.S.1961, § 1038.

■■ It is apparent from the foregoing that the assertion of nonjurisdictional grounds in defendant's motion to vacate judgment constitutes a general appearance and a waiver of defects in the judgment relating to jurisdiction over the person of the defendant. It is equally clear that such an appearance does not waive either substantial irregularities in the proceeding or failure of the trial court to acquire jurisdiction other than over the person of the defendant.

■ It is unnecessary to consider the first contention of the defendant that the notice by publication was defective, because the requirement for such notice was waived by the general appearance of the defendant. Daniel v. Daniel, Okl., 348 P.2d 185; Porter v. Oklahoma Bacone College Trust, Okl., 346 P.2d 335, cert. denied 363 U.S. 927, 80 S.Ct. 754, 4 L.Ed.2d 746; Griffin v. Jones, supra.

The second contention of the defendant that the trial court rendered judgment beyond the issues framed by the petition of the plaintiff is unrelated to jurisdiction of the person, and will be considered on its merits.

■ The jurisdiction of the trial court is limited to the particular subject matter presented by the pleadings, and any judgment which is beyond the issues framed by the pleadings and proof is in excess of the court's jurisdiction and is void. Central Nat'l Oil Co. v. Continental Supply Co., 119 Okl. 190, 249 P. 347; Henson v. Oklahoma State Bank, 165 Okl. 1, 23 P.2d 709; Home Finance Corp. v. Ponder, Okl., 357 P.2d 220. In Roth v. Union National Bank, 58 Okl. 604, 160 P. 505, 507, it was held that:

" 'Although a court has jurisdiction of the subject-matter of an action or of the parties, its power to render a valid judgment is nevertheless limited by the nature of the suit and the issues made by the plead-

ings, and if it transcends such limits, its judgment is without jurisdiction and void.' "

And in Standard Sav. & L. Ass'n v. Anthony Wholesale Grocery Co., 62 Okl. 242, 162 P. 451, L.R.A.1917D, 1029, this rule was expressed in the following language from Black on Judgments (2d Ed.) vol. 1, § 242:

" 'Besides jurisdiction of the person of the defendant and of the general subject matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which its judgment assumes to grant. In other words, a judgment which passes upon matters entirely outside the issue raised in the record is so far invalid. * * *' "

In support of its contention, the defendant first asserts that the judgment of the trial court attempted to establish a lien upon property which was not included in the description of property allegedly subject to the lien in the petition. While this argument was not included in defendant's motion to vacate judgment, it relates to the jurisdiction of the court and may be raised for the first time on appeal. State Nat'l Bank of Shawnee v. Wood & Co., 88 Okl. 292, 212 P. 1002; Davis v. Sandlin, Okl., 392 P.2d 722.

Examination of plaintiff's petition discloses that, in addition to land described in the petition, the trial court rendered judgment declaring a lien upon the following property:

NW¼ of the SE¼ of the NW¼, of Section 27, Township 6 North, Range 9, West I.M., Caddo County, Oklahoma; and,

SW¼ of the NE¼ of the NW¼, of Section 27, Township 6 North, Range 9, West I.M., Caddo County, Oklahoma.

There was no additional pleading prior to the entry of default judgment and no proof was introduced on this issue at the hearing. The record is barren of any reference to this property outside of the court's judgment decree. We hold that the establishment and foreclosure of the lien upon property, other than that described in the petition, is beyond the issues presented to the trial court for determination in this case and is void.

The defendant next asserts that the trial court exceeded the issues presented by subjecting the separate funds in the hands of Anderson-Pritchard to payment of the judgment.

The plaintiff did not join Anderson-Pritchard as a defendant nor does the petition contain any allegation that the plaintiff sought judgment against the funds held by the oil company which represented oil proceeds belonging to the defendant from the sale of oil on the leasehold estate. The plaintiff's petition alleged that he claimed a lien upon the defendant's "undivided interests in the aforesaid leaseholds" and prayed for judgment foreclosing its lien upon "the interests of the defendant in and to the referred to and above described leasehold estates." The trial court apparently concluded that the leasehold estate, against which the lien was claimed, encompassed the oil run proceeds.

The lien sought to be foreclosed by the plaintiff was for the completion of wells and the operating expenses over a period of two or three years on the leasehold estate and is governed by the statutory provisions in 42 O.S.1961, § 144. In Stanolind Crude Oil Purchasing Co. v. Busey, 185 Okl. 200, 90 P.2d 876, we held that this lien statute specified certain properties to which a lien could attach, but oil and gas as produced is not mentioned in the lien statute and the proceeds from the sale thereof are not brought into the custody of the court by the assertion of such a lien. In Garey v. Rufus Lillard Co., 196 Okl. 421, 165 P.2d 344, 352, we said:

" * * * The lien claimants had no lien on this money from oil sales, therefore no right to have it applied on their liens. * * * We must hold that when lien claimants have enforced their lien as fully as may be against the corpus of the leasehold itself and its equipment, they cannot

955

go further and impress their lien on the oil runs or proceeds therefrom."

The proceeds of 'the oil runs held by Anderson-Pritchard were not placed in issue by the plaintiff's petition and were not a part of the subject matter of this case. The judgment of the trial court, in so far as it attempted to impound these oil run proceeds and disburse the same to the plaintiff, is void. The 1963 amendment of 42 O.S.1961, § 144, extending lien coverage to proceeds from the sale of oil and gas as specified, is inapplicable in this case inasmuch as this dispute arose several years prior to its adoption. Okl.Sess.Laws 1963, c. 226, § 1, p. 307.

The plaintiff also attempted, after judgment and prior to the return of execution, to reach the proceeds from the oil runs held by Anderson-Pritchard by a garnishment proceeding commenced on January 27, 1960. The answer filed by Anderson-Pritchard acknowledged its indebtedness to the defendant for the proceeds of these oil runs, and the court then ordered these proceeds to be turned over to the custody of the court to be applied in satisfaction of the plaintiff's judgment.

A proceeding in garnishment is a special and extraordinary remedy given only by statute, and must be conducted in substantial conformity with the conditions set forth in the statute. First Nat'l Bank of Healdton v. Halback, 160 Okl. 82, 15 P. 2d 586; Pennhoma Oil Co. v. Jens-Marie Oil Co., 123 Okl. 159, 252 P. 24; Davidson v. Finley, 96 Okl. 291, 222 P. 678.

It appears that the plaintiff was attempting to proceed under the provisions of 12 O.S.1961, Sec. 1171 et seq. The garnishment affidavit filed by the plaintiff conformed to the requirements of Section 1172. The garnishee summons was duly prepared by the clerk of the court in the form and manner prescribed by Section 1173. This summons, requiring the garnishee to answer not later than March 1, 1960, was properly served upon Anderson-Pritchard. There was no attempt to serve the garnishee summons upon the defendant.

The statute requires the service of the garnishee summons upon the defendant, as well as the garnishee. 12 O.S.1961, Sec. 1173; See 12 O.S.1961, 1174 for an alternate method of serving non-resident defendants. It is well settled that this provision of the statute is mandatory, and unless the garnishee summons is properly served upon the defendant, or he enters a general appearance, the proceeding is a nullity. Harrison v. Williams, 95 Okl. 142, 218 P. 305; Yakima Valley Bank v. Wood & Co., 110 Okl. 15, 235 P. 1093. As seen above, the general appearance of the defendant in the primary action to establish the debt resulted by virtue of the allegation of nonjurisdictional grounds contained in defendant's motion to vacate judgment, which was filed on May 2, 1960. This motion attacked the garnishment proceeding solely on a jurisdictional basis, and does not constitute a general appearance of the defendant in this proceeding. However, this motion could not have revived the garnishment proceeding even if nonjurisdictional grounds had been included. In Service Printing Co. v. Wallace, 179 Okl. 58, 64 P. 2d 863, it was held:

"Where the garnishment summons is not served upon the defendant and the defendant does not enter a general appearance in the garnishment proceeding *on or before the garnishee's answer day*, any judgment thereafter rendered against the garnishee in common pleas court is void." (Emphasis supplied).

See to the same effect: Pennhoma Oil Co. v. Jens-Marie Oil Co., 123 Okl. 159, 252 P. 24. In the instant case the purported entry of general appearance based on the defendant's motion to vacate judgment occurred well beyond the final date upon which the garnishee could file its answer. We hold that the garnishment proceeding is void under 12 O.S.1961, Sec. 1171 et seq.

We have also carefully considered the other two methods of garnishment authorized by the statutes of this jurisdiction to determine if the procedure employed by the plaintiff substantially complied with either.

12 O.S.1961, Sec. 847 et seq.; 12 O.S.1961, Sec. 863 et seq. It does not.

■ There was no substantial compliance with 12 O.S.1961, Sec. 847 et seq. inasmuch as a court order is required designating the time and place the garnishee is to appear for interrogatories. Harrison v. Harrison, W.D.Okl., 109 F.Supp. 671, 674. There was no such order in this case.

■ A proceeding in garnishment may be commenced under 12 O.S.1961, Sec. 863 et seq. only after an execution shall have been returned unsatisfied. As this did not occur in this case, these sections are inapplicable. Voss Truck Lines v. Citizens-Farmers Nat. Bank, 187 Okl. 289, 102 P.2d 173; First Nat'l Bank of Cordell v. City Guaranty Bank, 174 Okl. 545, 51 P.2d 573.

In conclusion, the defendant urges that proper disposition of this case requires that the judgment of the trial court be vacated in its entirety and that he be permitted to file an answer below and assert his defense.

In Davenport v. Jamison, 74 Okl. 82, 177 P. 550, the plaintiff filed an action in ejectment against the defendant to recover possession of land and to recover $800.00 for rentals due. The defendant filed a disclaimer and did not appear at the trial either in person or by counsel. After evidence was introduced at the trial, the plaintiff moved the court to amend his petition in respect to the amount of rentals claimed. The court allowed the plaintiff to amend his petition from $800.00 to $1,493.21. No notice of the amendment was given to the defendant and judgment was rendered by the court for $1,168.21. In affirming the judgment, upon the condition that the plaintiff file a remittitur of the sum of $368.21, we said:

"It may be conceded that the defendant R. C. Davenport was perfectly willing that the judgment in the sum of $800 might be rendered against him as rentals for the land in question. Yet it does not follow that the judgment in the sum of $1,168.21 should be rendered against him."

■ The defendant has established on this appeal that the court lacked jurisdiction of portions of the subject matter of this dispute. It does not necessarily follow, however, that where part of a judgment is void the entire judgment is a nullity by reason thereof, unless the valid portion of the judgment is inseparable from the part declared to be void. Dillard v. Morrison, 185 Okl. 457, 94 P.2d 218; Fuqua v. Watson, 172 Okl. 624, 46 P.2d 486. In Roth v. Union National Bank, 58 Okl. 604, 160 P. 505, 508, we adopted the following rule:

"'A court must proceed and determine within the limits of the power conferred. If it renders a judgment in an action or proceeding, where jurisdiction had attached, that it was not authorized or empowered to render at all, such judgment or decree is in excess of its jurisdiction, and for that reason a nullity. *So, if it rendered a judgment or decree which is within its authority as to part only, but includes also that which is not within its power, the excess will be a nullity, and if the valid and invalid parts are independent of each other, the whole will not be void, but only such part as is in excess of the powers of the court.'*"

■ The trial court had jurisdiction to render its decision for a personal money judgment and for foreclosure of the lien upon the property described in the petition of the plaintiff. The pleadings and the issues framed therefrom coupled with the general appearance of the defendant authorized such a judgment. The fact that the trial court exceeded its jurisdiction and rendered judgment beyond the issues presented in the case did not render the judgment in its entirety a nullity. The invalid portion of the judgment was not dependent, or contingent, upon the valid part of the judgment.

We therefore find that the judgment of the trial court awarding a personal money judgment upon the indebtedness, decreeing a lien upon the property described in the petition of the plaintiff, and for foreclosure of such a lien, should be affirmed. That

portion of the judgment which impounded the oil run proceeds held by Anderson-Pritchard for distribution to the plaintiff, and that part of the judgment which declared a lien upon property not described in the petition of the plaintiff, is void and is stricken from the record. The order of the trial court in the attempted garnishment proceeding is vacated and the proceeding is declared to be a nullity.

The judgment of the trial court rendered upon the defendant's default is modified, and as modified, is affirmed. The order of the trial court overruling the motion to vacate the default judgment is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and IRWIN, DAVISON and WILLIAMS, JJ., concur.

BERRY, J., concurs in result.

BLACKBIRD, J., dissents.